FARIS et al. v. FARIS.

No. 12837.

Court of Civil Appeals of Texas. Dallas.

Feb. 24, 1940.

Rehearing Denied March 30, 1940.

Cedric G. Hamlin, of Dallas, for appellants.

George Ledbetter, of Ennis, for appellee.

YOUNG, Justice.

This appeal is from an order of a district court of Dallas County, denying probate of the will of George Alexander Faris as a muniment of title; the county court having previously admitted said will to probate for such purpose.

The parties hereto are, Ellsworth Eugene Faris, Mrs. Cressie Lake Card and Cecil Faris, children of George Alexander

Faris, who died March 1, 1918, and Mrs. Sophia Jane Faris, who in turn departed this life January 25, 1937. The father, George A. Faris, left a will dated September 21, 1916, leaving his entire estate to his wife (Mrs. Sophia Faris), naming her as sole executrix without bond. This will, the mother and sole legatee placed in her lock box, where it remained until after her death, being withdrawn shortly thereafter by proponent, Ellsworth Eugene Faris, and offered for probate as a muniment of title, in connection with application for probate of the will of Mrs. Sophia Faris, in which latter document, proponent was named as executor and chief beneficiary.

Shortly after the above instruments were probated by the county court, a contest was filed by Cecil Faris, on various grounds, which, upon hearing, was denied. An appeal was taken to the district court where the contest as to the will of Mrs. Sophia Faris was abandoned; the proceedings thereby narrowing to the probate, vel non, of the father's will as a muniment of title. Said issue was tried to a jury in the district court, and, at the close of the testimony, all parties moved for instructed verdict. At this juncture, the court concluded that no issues of fact were presented and, accordingly, withdrew the cause from the jury, discharging the panel, and disposing of same as a non-jury case, no objection being taken to this procedure. The contest of Cecil Faris was upheld and the will of George Alexander Faris was denied probate as a muniment of title, from which order this appeal was taken.

The record embraces only findings of fact and conclusions of law by the trial court, which, in material part, are: (Findings of Fact) "The will of Mrs. Sophia Jane Faris, among other devises and bequests, passed the community homestead to her son, Ellsworth Eugene Faris and he was appointed sole and Independent Executor thereunder without bond. A copy of such will is attached to these Findings and Conclusions as an Exhibit. After the death of her husband, Mrs. Sophia Jane Faris took the will of the said George Alexander Faris and placed it in her lock box at the Bank, where it remained until it was withdrawn by her Executor, Ellsworth Eugene Faris, a few days after her death, and offered for probate as a muniment of title. This, for convenience, being done in the same application in which the will of the mother, Mrs. Sophia Jane Faris, was offered for probate. Mrs. Cressie Lake Card admitted that she knew of the existence of her father's will. That it was shown to her by her mother shortly after her father's death. George Alexander Faris, before his death, told his son Ellsworth Eugene Faris that he had made a will leaving all his property to his wife, Sophia Jane Faris. Ellsworth Eugene Faris knew that his father left a will and he testified that he assumed that his mother had taken care of the matter. He admitted that his brother Cecil Faris, might have told him of the existence of his father's will shortly after the death of his father. Ellsworth Eugene Faris testified that the first time he actually saw his father's will was when he opened his mother's lock box after her death. Cecil Faris disclaimed any right that he might have to claim as an heir or as a devisee under his mother, Mrs. Sophia Jane Faris and claimed only as an heir of George Alexander Faris, his father. Over the objection of the contestants, the court struck out all of the testimony relating to an agreement not to probate the father's will and hence the facts relating thereto are not included in this Finding of Fact as under the ruling of the court, it would serve no useful purpose. (Conclusions of Law) I conclude as a matter of law that Mrs. Sophia Jane Faris during her lifetime, abandoned any right that she might have under the will of her deceased husband because she did not offer it for probate, although having possession thereof for a period of almost twenty years before her death. I further conclude as a matter of law that it would be against the public policy of this State to allow a will to be probated some nineteen years after the death of the testator, especially when it is shown that the party having the right to probate the same had it in possession at such time. I further conclude as a matter of law that since Mrs. Sophia Jane Faris had, at her death, abandoned any right she might have to claim any property under the will of George Alexander Faris, that she could not will or devise any property which she would have been entitled to if she had probated the will of George Alexander Faris. I further conclude as a matter of law that since Mrs. Sophia Jane Faris had abandoned her right to acquire any property through the will of George Alexander Faris, that she would not give Ellsworth Eugene Faris nor Mrs. Cressie Lake Card any of the property of George Alexander Faris as

she had no right or title to said property at the time of her death by reason of the abandonment of her rights under his said will. I further conclude as a matter of law that Ellsworth Eugene Faris and Mrs. Cressie Lake Card could not claim any rights under the will of George Alexander Faris as said will had been abandoned by their testatrix and they could acquire no greater interest than she had at the time of her death. I further conclude as a matter of law that the will of George Alexander Faris should not be probated."

Cecil Faris, contestant, claimed nothing through his mother's will, it being undisputed that he already owned the burial lot left to him therein; hence, appellants were the only beneficiaries under said instrument, the proponent (Ellsworth Eugene Faris) claiming title to the community home by virtue of clause 2 thereof, providing: "I give, devise and bequeath to my son, Ellsworth Eugene Faris, our old family Bible and my home, 4323 San Jacinto Street."

■ It is the contention of said proponent generally, that having offered his father's will for probate almost immediately upon his mother's death, and having no interest therein prior to such time, he was not in default under the terms of Art. 3326, R.S., in not sooner applying for its probate as a muniment of title to the community interest bequeathed thereby to his mother, and thence to him as devisee under the latter's will. It is apparent from the record that Mrs. Sophia Faris was conclusively in default in failing to propound for probate the will of her deceased husband, within the four-year period. Art. 3326. Vestiture of title in the surviving widow of the estate bequeathed by George Alexander Faris was contingent upon the lawful probate of his will, in the absence of which, the devised property cannot be said to have passed to the legatee mentioned therein during her lifetime. To Mrs. Sophia Faris, the situation was the same as though her husband had died intestate, his estate immediately vesting in his heirs at law. Art. 3314. In other words, as found by the trial court, by reason of the abandonment by Mrs. Sophia Faris of her right to probate the will of said George Alexander Faris, she had no right, title, or interest in his estate to bequeath, except such as accrued to her in the absence of a will. Appellants can claim no greater interest

under the earlier, or 1918, will than the testatrix herself possessed, and acquired by the later will, no more than was owned by the mother at the time of her death. The findings and conclusions of the trial court to this effect, as a consequence of the conclusive abandonment by Mrs. Sophia Faris of all right to probate the will in question, are, we think, sustained by the record and, therefore, binding on the parties to this appeal.

■ Appellants vigorously contend that they are not chargeable with the laches of their ancestor, as heirs would be in a similar case, but should properly be classified as legatees, grantees, or others taking by purchase, as illustrated by Ryan v. Texas & Pacific R. Co., 64 Tex. 239; St. Mary's Orphan Asylum of Texas v. Masterson, 57 Tex.Civ.App. 646, 122 S.W. 587; Eubanks v. Jackson, Tex.Civ.App., 280 S.W. 243; Armstrong v. Carter, Tex.Civ.App., 291 S.W. 626, and similar decisions, all uniformly holding that, under Art. 3326, only the "default" of the party applying for the will's probate is in issue. In the cited cases, the applicant was either a devisee under the will sought to be probated, or a purchaser (i. e., a grantee or vendee) of such devisee. Here, appellants were neither devisees, legatees, grantees, nor purchasers, as contemplated by the adjudicated cases, but are merely devisees of a devisee. Appellants may be considered as taking by purchase under the standard rules of construction relative to wills and succession of title thereunder, but, in the case at hand, they occupy no better position than next of kin, or heirs of the mother, a proper disposition of whose rights being more appropriately controlled by Matt v. Ward, Tex.Civ.App., 255 S.W. 794, writ refused. The publisher's headnote to this opinion fully states the holding of the Fort Worth court: "Within Vernon's Sayles' Ann.Civ.St.1914, art. 3248 [now 3326], prohibiting admission of will to probate more than four years after testator's death, unless the party applying therefor was not in default in failing to present it earlier, a devisee knowing for months before her death of the existence of the will, and failing to present it for probate, her heir may not have it probated after lapse of the four years, though presenting it soon after learning of it."

The judgment of the lower court must be affirmed.

Affirmed.