Opinion issued March 5, 2009








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00021-CV






SHIRLEY POPPE, KYLE POPPE, AND LISA MATULA, Appellants


V.


ROBERT POPPE, Appellee






On Appeal from the County Court

Colorado County, Texas

Trial Court Cause No. 10,041






MEMORANDUM OPINION


 Appellants, Shirley Poppe, Kyle Poppe, and Lisa Matula, appeal from the trial
court's order granting the motion dismiss of appellee, Robert Poppe. Appellants filed
an Application for Probate of Will as a Muniment of Title. Robert contested the
application. Robert filed a motion to dismiss, which the trial court granted. In their
first issue, Shirley, Kyle, and Lisa contend the trial court erred by granting Robert's
motion to dismiss because it was really a motion for summary judgment and questions
of fact precluded summary judgment. In their second issue, appellants contend
certain of the trial court's findings of fact and conclusions of law are not supported
by legally and factually sufficient evidence. We conclude Robert's motion was in
fact a motion for summary judgment and the summary judgment evidence does not
conclusively establish Robert's right to summary judgment as a matter of law. We
do not address the second issue. We reverse the trial court and remand the cause.Background Lee Earl Poppe, Sr. ("Lee Sr.") owned 100 acres in Colorado County. On
March 19, 2000, he died, survived by his wife Lillie and two sons, Robert, the
appellee, here, and Lee Earl Poppe, Jr. ("Lee Jr.") (the deceased husband of appellant
Shirley Poppe). Lillie did not offer Lee Sr.'s will for probate. On March 8, 2001,
Lillie conveyed one-half of the 100 acres to Lee Jr. and Shirley. Lillie died on May
3, 2003. 

 Lee Jr. died on January 23, 2006, having never probated either Lee Sr.'s will
or Lillie's will. Robert filed suit against Shirley on October 2, 2006 over disputes to
the 100 acres. Shirley filed an application to probate the will of Lee Sr. as a
muniment of title on November 17, 2006. Robert contested the application and filed
a motion to dismiss. Shirley amended her application to include her children, Kyle
and Lisa. For convenience, in this opinion we will hereafter refer to the applicants
collectively as "Shirley." 

 In his motion, Robert asserts the Probate Code allows a will to be probated as
a muniment of title after four years from the death of the testator only if the applicant
was not in default in failing to present the will for probate within the four-year period.
Robert contends that Shirley was in default or, alternatively, Lillie's default in failing
to probate the will was attributable to Shirley.

 Robert attaches two exhibits as evidentiary support for his motion to
dismiss--four pages from Shirley's deposition and a letter from Shirley's counsel to
Robert's counsel discussing the wills of Lee Sr. and Lillie.

 Robert does not include a specific prayer for relief in his motion, but in the
final paragraph, entitled "Conclusion," Robert states, "Shirley's application to probate
the will of Lee Earl Poppe, Sr. as a muniment of title should be denied [for the
reasons set forth in the motion]." Shirley responded to the motion to dismiss, stating 
Robert's motion to dismiss was "a thinly disguised Motion for Summary judgment" 
and fact issues concerning default made summary judgment inappropriate. The trial
court granted the motion to dismiss without specifying the reason, stating the
"application to probate the will of Lee Earl Poppe, Sr., Deceased, as a Muniment of
Title is DENIED."

Robert's Motion to Dismiss

 In her first issue, Shirley contends the trial court erred by granting Robert's
motion to dismiss. Shirley contends the motion to dismiss was in fact a motion for
summary judgment and fact issues precluded the trial court from rendering summary
judgment in this case.

 A. Applicable Law

 "[T]he nature of a motion is determined by its substance, not its caption." In
re Brookshire Grocery Co., 250 S.W.3d 66, 72 (Tex. 2008) (orig. proceeding)
(quoting Brookshire, 250 S.W.3d at 77 (Hecht, J., dissenting)); see Barry v. Barry,
193 S.W.2d 72, 74 (Tex. App.--Houston [1st Dist.] 2006, no pet.); see also Tex. R.
Civ. P. 71 ("When a party has mistakenly designated any plea or pleading, the court,
if justice so requires, shall treat the plea or pleading as if it had been properly
designated."). We must therefore examine the substance of and the relief sought in
Robert's motion to determine how it should be treated. See Barry, 193 S.W.3d at 74
(examining allegations and prayer for relief to determine whether answer after default
should be considered post-judgment motion).

 A party moving for summary judgment against the party asserting a claim must
either (1) disprove at least one element of the claimant's cause of action, or (2) plead
and conclusively establish each essential element of its affirmative defense. Nowak
v. Pellis, 248 S.W.3d 736, 738 (Tex. App.--Houston [1st Dist.] 2007, no pet.) (citing
Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995)); see also Tex. R. Civ. P. 166a,
1997 cmt. (stating that in "ordinary motions for summary judgment under paragraphs
(a) or (b) [of Rule 166a], . . . the movant must prove it is entitled to judgment by
establishing each element of its own claim or defense as a matter of law or by
negating an element of the respondent's claim or defense as a matter of law."). A
summary judgment movant may show there are no genuine issues of material fact
using summary judgment evidence, namely, "(i) the deposition transcripts,
interrogatory answers, and other discovery responses referenced or set forth in the
motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the
parties, and authenticated or certified public records, if any, on file at the time of the
hearing, or filed thereafter and before judgment with permission of the court." Tex.
R. Civ. P. 166a(c).

 B. Substance of Robert's Motion to Dismiss

 Here, one element of Shirley's claim to admit the will to probate as a muniment
of title was that four years have not elapsed since the death of Lee Sr. or that Shirley
was not in default for failing to present the will within four years of his death. Tex.
Prob. Code Ann. § 73(a) (Vernon 2003) ("No will shall be admitted to probate after
the lapse of four years from the death of the testator unless it be shown by proof that
the party applying for such probate was not in default in failing to present the same
for probate within the four years aforesaid . . . ."). In his motion, Robert contends
Shirley did not file the application to probate the will as a muniment of title within
four years and was in default for failing to do so. Robert attached evidence to support
this contention. In other words, Robert was expressly attempting to disprove one
element of Shirley's cause of action, just as in a summary judgment. See Nowak, 248
S.W.3d at 738; Tex. R. Civ. P. 166a, 1997 cmt. Further, the only relief Robert
requested in his motion was for the trial court to deny the application, not dismiss the
case. Finally, when the trial court granted Robert's motion, it denied the application,
it did not dismiss the case. Examining the substance of the motion, including the
prayer for relief, we hold that Robert's motion to dismiss should properly be
considered a motion for summary judgment. See Barry, 193 S.W.3d at 74; see also
In re D.K.M., 242 S.W.3d 863, 865 (Tex. App.--Austin 2007, no pet.) (noting
defense of limitations should have been raised in motion for summary judgment, not
motion to dismiss, because "the rules of civil procedure do not provide for a
defendant's motion to dismiss, except possibly for want of prosecution after a
plaintiff fails to appear at a hearing or trial setting, see Tex. R. Civ. P. 162 (plaintiff
may dismiss suit), 165a (case may be dismissed for want of prosecution) . . . .").

 Robert asserts that his motion was not a motion for summary judgment for four
reasons. First, Robert contends "not every motion that results in dispositive relief"
is a motion for summary judgment. As support, Robert states, "For instance claims
against health care providers can be disposed of through a motion to dismiss under
Chapter 74 of the Texas Civil Practice and Remedies Code." However, it is
undisputed that this is not a claim against a health care provider and that the statutory
scheme Robert refers to does not apply in this case. Additionally, a motion to dismiss
under Chapter 74 serves a different purpose than a summary judgment. "A motion
to dismiss seeks to demonstrate that a plaintiff has not satisfied the procedural
requirements of Chapter 74, while a motion for summary judgment seeks to
demonstrate that the substance of the claim lacks merit." Wissa v. Voosen, 243
S.W.3d 165, 169 (Tex. App.--San Antonio 2007, pet. denied). As discussed above,
Robert attacked the substance of Shirley's claim, not a procedural requirement.

 Second, Robert asserts the summary judgment procedures of the Texas Rules
of Civil Procedure are "inapplicable to this probate matter." Robert asserts that rule
166a(a) authorizes a "party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment" to "move . . . for a summary judgment." 
See 166a(a). Robert contends that because he is not seeking to recover upon a claim,
the summary judgment procedures do not apply. However, Robert ignores rule
166a(b), which provides that a defending party may also move for summary
judgment. See Tex. R. Civ. P. 166a(b). We decline to hold that summary judgment
proceedings do not apply to the contest of an application to probate a will as a
muniment of title.

 Robert also contends his motion to dismiss should not be treated as a motion
for summary judgment because Shirley did not treat it as such when it was filed. 
Robert contends Shirley did not timely file a response and no evidence was filed with
the untimely response. However, as the movant, it was Robert's burden to prove no
fact questions existed and he was entitled to summary judgment as a matter of law. 
Nowak, 248 S.W.3d at 738. Only if Robert conclusively disproved an element of the
applicant's claim did the burden shift to Shirley, as nonmovant, to respond with
evidence raising a genuine issue of material fact that would preclude summary
judgment. See Williams v. Unifund CCR Partners, 264 S.W.3d 231, 235 (Tex.
App.--Houston [1st Dist.] 2008, no pet.). Robert also contends that because the
applicants requested findings of fact and conclusions of law, his motion should not
be treated as a motion for summary judgment. However, it is the substance of
Robert's motion we must examine to determine its nature, not how Shirley responded
after the motion was granted by the trial court. See Barry, 193 S.W.3d at 74; see also 
Linwood v. NCNB Tex., 885 S.W.2d 102, 103 (Tex. 1994) (noting findings of fact and
conclusions of law have "no place" in summary judgment proceeding and are
properly disregarded by appellate court).

Propriety of Summary Judgment

 Having determined that Robert's motion is a motion for summary judgment,
we must address whether the trial court properly granted the motion.

 A. Standard of Review

 We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). Summary judgment is proper only when a movant
establishes that there is no genuine issue of material fact and that the movant is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A motion must state
the specific grounds relied upon for summary judgment. Id. In reviewing a summary
judgment, we must indulge every reasonable inference in favor of the nonmovant,
take all evidence favorable to the nonmovant as true, and resolve any doubts in favor
of the nonmovant. Valence Operating Co., 164 S.W.3d at 661. 

 B. Law Concerning Probate of Will as Muniment of Title

 "Whether the proponent of a will is in default is normally a fact issue." 
Chovanec v. Chovanec, 881 S.W.2d 135, 137 (Tex. App.--Houston [1st Dist.] 1994,
no writ). "Default under [section 73 of the Probate Code] means 'a failure due to
absence of reasonable diligence on the part of the party offering the instrument.'" Id.
(quoting Kamoos v. Woodward, 570 S.W.2d 6, 8 (Tex. Civ. App.--San Antonio
1978, writ ref'd n.r.e.)). "The case law in Texas is quite liberal in permitting a will
to be offered as a muniment of title after the statute of limitations has expired upon
the showing of an excuse by the proponent of the reason for the failure to offer the
will." Id. 

 C. Shirley's Default

 Shirley contends Robert did not conclusively establish she was in default and
a fact question on that issue remains. 

 In his motion, Robert asserts Shirley found the wills of Lee Sr. and Lillie, in
Lillie's bedroom, after Lillie died. Robert also asserts Shirley does not dispute that
the will was not offered for probate within four years. Robert identifies a letter from
Shirley's counsel to his counsel, asserting the letter shows Shirley cannot "claim she
did not know what to do with the will." The letter states,

 With regard to the estate of Mr. and Mrs. Poppe, I have reviewed the
Wills. We can perhaps dispose of the disposition of their estate without
necessity of probating the Wills. I would like your input on that issue,
but I need to address other assets of the estate, such as the cattle, etc.


Robert points out the letter is dated October 14, 2003, still within four years of Lee
Sr.'s death on March 19, 2000. Robert contends that, by waiting to offer the will to
probate until she was sued by Robert, Shirley was in default. 

 In Chovanec, this Court found that a fact issue existed and summary judgment
was improper on the issue of the applicant's default in a proceeding to admit a will
to probate as a muniment of title 13 years after the death of applicant's wife. 
Chovanec, 881 S.W.2d at 138. The evidence showed the applicant was not aware it
was necessary to probate the will, he did not believe probate was necessary because
he inherited everything from his deceased wife, and he believed the land at issue was
his separate property. Id. at 137. Additionally, the applicant was unaware of any title
problems during those 13 years and, as soon as he realized there might be a problem,
he immediately offered the will for probate. Id. 

 Here, as in Chovanec, Shirley stated she was not aware of the necessity to
probate the will. The letter from her counsel shows she thought she could "dispose
of the disposition of [Lee Earl Sr.'s and Lillie's] estate without the necessity of
probating the Wills." Shirley filed the application to probate the will as a muniment
of title shortly after Robert sued her concerning the 100 acres. Taking the evidence
in the light most favorable to Shirley and indulging every reasonable inference in her
favor, the evidence does not conclusively establish that Shirley was in default and a
fact question remains on that issue. See id. at 138. Therefore, summary judgment on
this ground was improper. See id.

 D. Lillie's Default

 Shirley contends Lillie's default, if any, does not bar her application to probate
the will as a muniment of title. Robert responds that, because Shirley's interest in the
100 acres can only come from Lillie, Lillie's failure to probate Lee Sr.'s will within
four years acts as a bar to Shirley's application to probate the will as a muniment of
title.

 Robert, however, as the movant, has the burden of establishing that no genuine
issue of material fact existed concerning Lillie's default. See Nowak, 248 S.W.3d at
738; Tex. R. Civ. P. 166a, 1997 cmt. In his motion, Robert asserts Shirley found the
wills of Lee Sr. and Lillie, in Lillie's bedroom, after Lillie died. Robert also identifies
the following statement from Shirley's testimony, "We were under the impression
[Lillie] knew what she was doing . . . ." Robert concludes, "It is reasonable to infer
from these statements that Lillie had Lee Earl, Sr.'s will and simply chose not to
probate it."

 First, as noted above, the excerpts from Shirley's deposition do not contain a
statement that Lee Sr.'s will was found in Lillie's room. Second, the "reasonable
inference" asserted by Robert is contrary to the proper standard for a summary
judgment, which is to indulge every reasonable inference in favor of the nonmovant,
take all evidence favorable to the nonmovant as true, and resolve any doubts in favor
of the nonmovant. Valence Operating Co., 164 S.W.3d at 661. The trial court erred
if it granted Robert's motion on this ground.

 Robert relies on the case of Faris v. Faris, 138 S.W.2d 830 (Tex. Civ.
App.--Dallas 1940, writ ref'd) to assert Lillie's default bars Shirley from offering the
will into probate. Specifically, in Faris, the court noted that ordinarily "only the
'default' of the party applying for the will's probate is in issue." Faris, 138 S.W.2d
at 832. However, the court noted the rule applies where "the applicant was either a
devisee under the will sought to be probated, or a purchaser (i.e., a grantee or vendee)
of such devisee," not where the applicants "are merely devisees of a devisee." Id. 
The applicants in Faris could "claim no greater interest under [the will] than the
testatrix herself possessed, and acquired by [her] will, no more than was owned by
the [testatrix] at the time of her death." Id. 

 Robert contends that here, as in Faris, Shirley is merely a devisee of a devisee
and is barred by Lillie's default. However, two key facts distinguish the instant case
from Faris. First, Robert's own motion states Lillie conveyed a portion of the
property at issue to Lee Jr. and Shirley. Thus, unlike in Faris, Shirley is not merely
a devisee of a devisee, but is a grantee of Lillie's. See id. Second, in Faris, the trial
court made unchallenged findings of fact and conclusions of law that the testatrix was
in default and "during her lifetime, abandoned any right that she might have had
under the will of her deceased husband." Id. at 831. Here, there is no such finding. 
In a summary judgment context, as noted above, it was Robert's burden to
conclusively establish Lillie was in default, which he failed to do.

 E. Section 89B of Texas Probate Code

 Robert also contends in his reply brief that the Legislature's enactment of
section 89B of the Texas Probate Code effectively created an absolute four-year
limitations period on an application to probate a will as a muniment of title,
superseding the exception for an applicant not in default found in section 73. 
Compare Tex. Prob. Code Ann. § 89B (Vernon 2003) with id. § 73(a). However,
Robert did not raise that ground in his motion before the trial court. Instead, Robert
expressly asserted, "Construing sections 73(a) and 89B together, the code allows 'a
testamentary instrument' to be probated as a muniment of title after four years of the
death of the testator' [sic] only if the party applying for such probate was not in
default in failing to present the will for probate within the four year period." Because
Robert did not assert section 89B as an absolute four-year bar, with no exception for
the applicant not being in default, as a ground for summary judgment before the trial
court, we do not address it. See Tex. R. Civ. P. 166a(c) ("The motion for summary
judgment shall state the specific grounds therefor."); McConnell v. Southside Indep.
Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993) (summary judgment motion "must stand
or fall on the grounds expressly presented in the motion"). 

 We sustain Shirley's first issue. We therefore do not need to address Shirley's
second issue.

Conclusion

 We reverse the judgment of the trial court and remand this cause.




 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.