**Affirmed and Majority and Concurring Opinions filed September 19, 2017.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-16-00648-CV

## LINDA FERREIRA, Appellant

## V.

## DOUGLAS W. BUTLER AND DEBRA L. BUTLER, Appellees

**On Appeal from the Probate Court No. 3**
**Harris County, Texas**
**Trial Court Cause No. 441962**

## M A J O R I T Y   O P I N I O N

Appellant Linda Ferreira, in her capacity as the executrix of Norman Ferreira's estate, applied to probate the will of Norman's deceased wife, Patricia Ann Hill, nine years after Patricia's death. The appellees—Patricia's children from a previous marriage—contested the application, asserting that Linda did not meet her burden to probate the will. The Texas Estates Code provides that a will may not be probated more than four years after the death of a testator "unless it is shown by proof that the applicant for the probate of the will was not in default in failing to

present the will." Tex. Est. Code Ann. § 256.003(a) (West Supp. 2016).

After considering summary judgment motions filed by both parties, the probate court granted appellees' motion for summary judgment and dismissed Linda's application to probate the will. On appeal, Linda argues that she was not in default because she applied to probate the will approximately one month after discovering it. Appellees argue that the default inquiry should include Norman rather than Linda, and thus the summary judgment should be affirmed because there is no evidence Norman was not in default.

We conclude that (1) the default inquiry should include Norman because Linda filed the application in her capacity as executrix of Norman's estate, and (2) Linda failed to offer summary judgment evidence raising a genuine issue of material fact that Norman was not in default in failing to present the will. We therefore affirm the summary judgment rejecting Linda's application.

## BACKGROUND

Patricia Ann Hill died on January 12, 2006. Patricia was survived by her husband, Norman Ferreira. Patricia's children from a prior marriage, appellees Douglas and Debra Butler, also survived her. In her will, Patricia left all of her property to Norman. Norman did not probate Patricia's will before he died on February 22, 2015.

Norman was previously married to appellant Linda Ferreira, but they divorced before Norman married Patricia. Norman's will devised real property and the residue of his estate to Linda, and she was appointed as independent executrix for Norman's estate. As Linda was going through documents in Norman's home, she found Patricia's will. About one month later, she applied to probate the will as a muniment of title in her capacity as executrix of Norman's estate. Appellees

contested the application.

Appellees filed a hybrid no-evidence and traditional motion for summary judgment seeking to dismiss the application for probate of Patricia's will. Appellees' motion asserted there was no evidence the applicant was not in default in failing to present the will on or before the fourth anniversary of the testator's death, as required by section 256.003(a) of the Texas Estates Code. Linda responded with evidence that she discovered Patricia's will in July 2015 and offered it for probate as a muniment of title one month later.

Linda also filed a cross-motion for summary judgment, arguing that this evidence conclusively proved she met her burden to admit Patricia's will to probate. In response, appellees argued that because Linda appeared in her capacity as the representative of Norman's estate, the default inquiry should focus on Norman rather than Linda, and there was no evidence showing Norman did not default in probating Patricia's will.

The probate court granted appellees' hybrid no-evidence and traditional summary judgment motion and dismissed the application for probate of the will. Linda appealed.

## ANALYSIS

Linda's appeal presents two issues. First, Linda argues the probate court erred in granting appellees' no-evidence and traditional motion for summary judgment. Second, Linda argues the probate court erred in denying her cross-motion for summary judgment.[1]  Resolution of both issues turns on whether Norman's conduct,

_____

[1] Although the probate court did not specifically rule on Linda's cross-motion for summary judgment, the cross-motions were mutually exclusive, and the order granting appellees' motion implicitly denied Linda's motion. *See Gen. Agents Ins. Co. of Am., Inc. v. El Naggar*, 340 S.W.3d 552, 557 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).  Therefore, this issue was

in addition to Linda's conduct, is relevant to the default analysis.

## I.     Standard of review and applicable law

We review a trial court's grant of summary judgment de novo. *Lyda Swinerton Builders, Inc. v. Cathay Bank*, 409 S.W.3d 221, 229 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). We consider all the evidence in the light most favorable to the non-movant, crediting evidence favorable to the non-movant if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). When a party moves for summary judgment on both no-evidence and traditional grounds, we address the no-evidence grounds first. *Burnett v. Carnes Funeral Home, Inc.*, No. 14–12–01159–CV, 2014 WL 2601567, at *3 (Tex. App.— Houston [14th Dist.] June 10, 2014, no pet.) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)). When both parties move for summary judgment and the trial court grants one motion and denies the other, we review both motions and determine all questions presented. *Lane-Valente Indus. (Nat'l), Inc. v. J.P. Morgan Chase, N.A.*, 468 S.W.3d 200, 204 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

In a no-evidence motion for summary judgment, the movant asserts that there is no evidence of one or more essential elements of the claims the non-movant has the burden of proving. *See* Tex. R. Civ. P. 166a(i). To defeat the motion, the non-movant has the burden to respond with more than a scintilla of evidence raising a genuine issue of material fact as to the challenged elements. *Grant v. Joe Myers Toyota, Inc.*, 11 S.W.3d 419, 422 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

A party filing a traditional motion for summary judgment has the initial burden of showing that there is no genuine issue of material fact and it is entitled to

---

preserved. Tex. R. App. P. 33.1(a)(2)(A); *El Naggar*, 340 S.W.3d at 557.

judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). If the movant does so, the burden shifts to the non-movant to raise a genuine issue of material fact sufficient to defeat summary judgment. *Lyda Swinerton Builders, Inc.*, 409 S.W.3d at 229.

The various motions for summary judgment focus on section 256.003 of the Texas Estates Code, which provides:

> . . . a will may not be admitted to probate after the fourth anniversary of the testator's death unless it is shown by proof that the applicant for the probate of the will was not in default in failing to present the will for probate on or before the fourth anniversary of the testator's death.

Tex. Est. Code Ann. § 256.003(a) (West Supp. 2016).[2] One purpose of this section is to "impose a reasonable limit on the time in which the property of a person dying testate should be distributed among his legatees, after payments of his or her debts." *In re Estate of Campbell*, 343 S.W.3d 899, 902-03 (Tex. App.—Amarillo 2011, no pet.).

To apply this statute, we must determine who the applicant is and what default means. Eligible "applicants" to probate a will are an executor named in the will, an independent administrator, or any "interested person." Tex. Est. Code Ann. §

---

[2] The Legislature repealed the Probate Code and re-codified its provisions in the Estates Code, effective January 1, 2014, without making substantive changes to section 256.003. *See In re Estate of Hammack*, No. 12–15–00246–CV, 2016 WL 1446083, at *3 (Tex. App.—Tyler Apr. 13, 2016, no pet.) (mem. op.). Although this case is governed by the current Estates Code, many of the relevant cases we discuss below were decided under section 73 of the prior Probate Code or (prior to 1956) under article 3326 of the Revised Civil Statutes. The relevant portions of section 73 and article 3326 (which were identical) provided: "No will shall be admitted to probate after the lapse of four years from the death of the testator unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid . . . ." Act of 1955, 54th Leg., R.S., ch. 55, § 73, sec. 434, 1954 Tex. Gen. Laws 88, 112, *repealed by* Act of 2009, 81st Leg., R.S., ch. 680, §10, 2009 Tex. Gen. Laws 1512, 1731; *see also* Act of 1925, 39th Leg., R.S., S.B. 84, art. 3326, p. 1012, *repealed by* Act of 1955, 54th Leg., R.S., ch. 55, § 73, sec. 434, 1954 Tex. Gen. Laws 88, 112.

5

256.051 (West Supp. 2016).  An interested person is an "heir, devisee, spouse, creditor, or any other having a property right in or claim against an estate being administered."  Tex. Est. Code Ann. § 22.018(1) (West 2014).  The person's "interest" must be a pecuniary interest, "real or prospective, absolute or contingent," that will be affected by the probate of the will.  *Logan v. Thomason*, 202 S.W.2d 212, 215 (Tex. 1947).

"Default" under section 256.003 means a failure to probate a will due to the absence of reasonable diligence of the party offering the will.  *See Schindler v. Schindler*, 119 S.W.3d 923, 929 (Tex. App.—Dallas 2003, pet. denied).  The party offering the will bears the burden to show the applicant was not in default for failing to probate the will within four years of the testator's death.  *Id.*[3]

## II.   The trial court properly granted appellees' no-evidence motion for summary judgment.

### A.   Norman's conduct is relevant in determining whether the applicant was in default in failing to probate the will.

It is undisputed that Patricia's will was offered for probate more than four years after her death.  Therefore, Linda must show the applicant was not in default in failing to probate the will within the four-year period.  We begin our analysis of the summary judgments by determining whose conduct is relevant in the default analysis.  Linda argues she was not in default because she probated the will about

_____

[3] We note that Linda applied to probate Patricia's will as a muniment of title under section 257.054 of the Estates Code.  Unlike section 256.003, which contains an express exception to the four-year deadline if the applicant can show no default, section 257.054 contains no exceptions of any kind.  *Compare* Tex. Est. Code Ann. § 256.003(a), *with* Tex. Est. Code Ann. § 257.054(2) (West 2014) (requiring that applicant to probate will as muniment of title prove "four years have not elapsed since the date of the testator's death and before the application").  We need not decide whether the section 256.003 exception is available when applying to probate a will as a muniment of title under section 257.054 because even if it were available, we hold below that Linda does not qualify for the exception.

one month after she found it.  Appellees argue that the default inquiry should include Norman's conduct because Linda appeared in her capacity as executrix of Norman's estate.  Linda responds that the capacity in which she appears is not relevant and that she, as the applicant, must be judged by her own conduct.

We conclude that the default inquiry must include Norman's conduct for two reasons.  First, Linda applied to probate the will in her capacity as executrix of Norman's estate.  Second, even if Linda had applied in her individual capacity, we would still consider Norman's conduct because Linda can claim no greater interest in Patricia's will than Norman had when he died.

### 1. As executrix, Linda stands in the shoes of Norman's estate.

A personal representative of an estate has the capacity to act on behalf of the estate to recover personal property, debts, damages, or title to or possession of land. *See* Tex. Est. Code § 351.054(a) (West 2014); *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005).  Capacity and standing are distinct concepts.  *See Lovato* at 848-49.  Standing concerns whether a party was personally aggrieved, while capacity concerns whether a party has legal authority to act.  *Id.*; *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996).  A court can render judgment for a party only in the capacity in which the party sued.  *Gracia v. RC Cola-7-Up Bottling Co.*, 667 S.W.2d 517, 520 (Tex. 1984) (settlement award where party sued in capacity of next of friend was not res judicata to second suit by party individually).

In her capacity as executrix of Norman's estate, Linda applied to probate Patricia's will as a muniment of title.  As executrix, Linda is acting on behalf of the estate to perfect title in property that Patricia's will left to Norman.  *See Lovato*, 171 S.W.3d at 849 (discussing capacity of executor to sue on estate's behalf).  The interest of Norman's estate in Patricia's estate is the basis on which Linda claims to

7

be an "interested person" eligible to probate Patricia's will. Tex. Est. Code Ann. § 256.051. Because Linda is standing in the shoes of Norman's estate, the default inquiry must focus on Norman.

Linda argues that section 256.003(a) is not conditioned on the capacity in which the applicant comes before the court, but merely requires that the applicant is not in default. We disagree. The term "applicant" in the statute refers to someone who is eligible to probate the will. *See* Tex. Est. Code Ann. §§ 256.003(a), 256.051. Linda chose to apply to probate the will as an eligible "applicant" in her capacity as the executrix of Norman's estate. *See id.* § 256.051. Because Linda's status as the "applicant" depends on her capacity as the executrix of Norman's estate, our inquiry includes whether Norman was in default.

**2.    Even as an individual devisee under Norman's will, Linda can claim no interest greater than Norman had.**

Although Linda did not apply in her individual capacity to probate Patricia's will, Linda is a devisee under Norman's will and Norman is a devisee under Patricia's will. Linda is therefore a devisee of a devisee of Patricia's will, and Linda could qualify to probate Patricia's will as an interested person on that basis. *Dickson v. Dickson*, 5 S.W.2d 744, 747 (Tex. Comm'n App. 1928, judgm't adopted).

There is a split among the courts of appeals regarding whether any default by a devisee under a will is attributed to that devisee's own heirs or devisees. *Compare Campbell*, 343 S.W.3d at 905–08 (holding default of devisee did not prevent devisee's devisee from probating the will), *with Schindler*, 119 S.W.3d at 929 (holding devisee's default prevented the devisee's devisee from probating the will). In these two cases, the applicants to probate the deceased's will were not devisees under that will, but were devisees of a devisee under the will. Although the cases presented similar facts, the courts reached different conclusions.

8

In *Campbell*, James Campbell died in 2002 and left all his property to his wife, Freda, in his will. Freda did not probate his will before she died in 2008. Freda's son from a previous marriage, Danny Ray Rumsey, found James's will in Freda's lock box and sought to probate it in 2009. James's daughter from a previous marriage, Eva Brown, challenged the application to probate the will. The trial court admitted James's will to probate, finding that Rumsey was not aware of James's will until he found it and concluding Rumsey was not in default for failing to probate the will within four years of Campbell's death. The Amarillo Court of Appeals affirmed, holding that the default of a devisee under a will does not preclude that devisee's devisee from probating the will if admitting the will to probate would not work an injustice or frustrate the testator's intent. *Campbell*, 343 S.W.3d at 907–08.

In contrast, the Dallas Court of Appeals follows the rule that "if any heir or devisee was in default, such default would bar his or her descendants or legatees from any right to have such will probated." *Schindler*, 119 S.W.3d at 929. In *Schindler*, Ruby and Jodie were married when Ruby died in 1996. Ruby had executed a will in 1987, but then executed another will in 1995, which revoked all previous wills. Jodie probated the 1987 will as a muniment of title. Jodie married Mary after Ruby's death, and Jodie's will left much of his property to Mary. Jodie died in 2000, and Mary applied to probate Ruby's 1995 will or admit it to revoke the 1987 will. It was undisputed that Jodie was in default in failing to probate the 1995 will. *Id.* at 930. The trial court denied the application to probate the 1995 will and the court of appeals affirmed, explaining that "Mary, as a devisee of Jodie, stands in no better position than Jodie." *Id.*

Although *Campbell* and *Schindler* are not binding precedent, we are required to follow *Faris v. Faris*, 138 S.W.2d 830 (Tex. Civ. App.—Dallas 1940, writ ref'd), because the Supreme Court of Texas adopted that opinion and judgment by refusing

9

a writ of error. *See* Tex. R. App. P. 56.1(c); *Tex. Utils. Elec. Co. v. Timmons*, 947 S.W.2d 191, 199 (Tex. 1997). *Faris* features similar facts and holds, like *Schindler*, that "devisees of a devisee" stand in the position of the devisee in the will. *Faris*, 138 S.W.2d at 832. In *Faris*, George died in 1918 with a will that left everything to his wife, Sophia. *Id.* at 831. Sophia died in 1937 without probating George's will. Sophia's will passed the community homestead to Ellsworth, a son of George and Sophia. *Id.* Ellsworth offered George's will for probate as a muniment of title in connection with his application to probate Sophia's will. Ellsworth's sibling contested the probate of George's will, and the trial court ruled that it should not be probated. The court explained that Sophia had abandoned her rights under George's will and could not devise any property she would have been entitled to under George's will. *Id.* The court thus concluded that Ellsworth could not claim rights under George's will because he could acquire no greater interest than Sophia had when she died. *Id.* at 832.

On appeal, the Dallas Court of Appeals rejected Ellsworth's argument that he was not personally in default and therefore the will should be probated. *Id.* The court of appeals agreed with the trial court in concluding that because Sophia had abandoned her rights under George's will, she had no interest in his estate to devise in her own will except what she had inherited through intestate succession. *Id.* Therefore, Ellsworth could claim no greater interest in George's will than Sophia. *Id.* The court affirmed the denial of probate for George's will. *Id.*[4]

It is unclear whether the proponents of the wills in *Faris*, *Schindler*, and *Campbell* attempted to probate those wills individually or in their capacity as

---

[4] Linda and the court in *Campbell* attempt to distinguish *Faris* by pointing out that the trial court found Ellsworth knew of George's will before George died. *See Campbell*, 343 S.W.3d at 907; *Faris*, 138 S.W.2d at 831. Although the trial court in *Faris* did find this fact, it formed no part of the Dallas Court of Appeals' legal analysis. *See* 138 S.W.2d at 832.

executors of a devisee's estate. But even if Linda had sought to probate Patricia's will individually, *Faris* would be precedent we must follow. Like Sophia in *Faris*, Norman did not probate Patricia's will and therefore had no interest in Patricia's estate other than what passed to him by intestate succession. *See Faris*, 138 S.W.2d at 832. Because Norman could not pass to Linda what he did not acquire, Linda can claim no greater interest in Patricia's will than Norman. *See id.*

Linda also argues that other courts have interpreted section 256.003(a) to mean that the default of another does not preclude a non-defaulting applicant from offering a will to probate as a muniment of title. *See, e.g., In re Estate of Williams*, 111 S.W.3d 259 (Tex. App.—Texarkana 2003, pet. denied); *St. Mary's Orphan Asylum of Tex. v. Masterson*, 122 S.W. 587 (Tex. Civ. App. 1909, writ ref'd).[5] These cases do not assist Linda. In *Williams*, the applicant was the son of the deceased who was a beneficiary under the will, and he was found to have defaulted in probating the will. 111 S.W.3d at 261–62. The grandchildren, also beneficiaries under the will, argued that the son's default did not preclude them from probating the will. *Id.* at 263. The court of appeals held that although the grandchildren were interested persons entitled to apply to have the will probated, they had not done so. *Id.* The court did not address whether the son's default would have precluded them from probating the will had they applied.

*Masterson* is also inapposite because, as *Faris* explains, the proponents of the will in *Masterson* were purchasers from a devisee. *Compare Masterson*, 122 S.W. at 590, *with Faris*, 138 S.W.2d at 832. *Masterson* holds that "a purchaser from a devisee is a person entitled to have a will probated when the same constitutes an

---

[5] We note that *Masterson*'s precedential value is not equal to that of *Faris*, even though the supreme court refused the writ in both cases. Before 1927, refusing a writ signaled that the result reached was correct but did not necessarily indicate approval of the court of appeals' opinion or reasoning. *See Tex. St. Bd. of Med. Examiners v. Koepsel*, 322 S.W.2d 609, 614 & n.6 (Tex. 1959).

11

essential link in his title," and this right "is not dependent on the existence of this same right in their grantors, the devisees." 122 S.W. at 590. In this case, Linda is not a purchaser. Because Linda's right to probate Patricia's will is dependent on the existence of that right in Norman, we must consider Norman's conduct in determining whether a default occurred.

**B.      Linda failed to raise a genuine issue of material fact that Norman was not in default for failing to probate Patricia's will.**

Texas courts are quite willing to admit a will to probate as a muniment of title after the four-year statute of limitations has expired if the applicant shows an excuse. *E.g., Poppe v. Poppe*, No. 01–08–00021–CV, 2009 WL 566490, at *4 (Tex. App.—Houston [1st Dist.] Mar. 5, 2009, no pet.) (mem. op.); *Chovanec v. Chovanec*, 881 S.W.2d 135, 137 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *Kamoos v. Woodward*, 570 S.W.2d 6, 8 (Tex. Civ. App.—San Antonio 1978, writ ref'd n.r.e.). Whether an applicant was in default is a fact question. *Poppe*, 2009 WL 566490 at *4; *Chovanec*, 881 S.W.2d at 137; *Kamoos*, 570 S.W.2d at 8. To survive summary judgment, Linda had the burden to show a genuine issue of material fact that Norman was not in default. *Schindler*, 119 S.W.3d at 929.

In the trial court, Linda failed to present any summary judgment evidence raising a genuine issue of material fact that Norman was not in default in failing to probate Patricia's will within the four-year limitations period. Linda showed only that she found Patricia's will when she was reviewing documents in Norman's home, and that she offered the will for probate as a muniment of title about one month later. Linda did not address why Norman failed to probate Patricia's will during the eight years that elapsed between her death and his. Therefore, we overrule Linda's first issue and affirm the trial court's order granting appellee's motion for summary judgment. Further, because Linda did not conclusively prove Norman was not in

12

default in probating Patricia's will, we overrule Linda's second issue challenging the trial court's denial of her cross-motion for summary judgment.

## CONCLUSION

Having overruled Linda's issues on appeal, we affirm the trial court's judgment.

/s/    J. Brett Busby
        Justice

Panel consists of Justices Christopher, Busby, and Jewell (Christopher, J., concurring) (Jewell, J., concurring).