**Affirmed and Majority and Concurring Opinions filed September 19, 2017.**



In The

# 𝕱ourteenth Court of Appeals

### NO. 14-16-00648-CV

### LINDA FERREIRA, Appellant

### V.

### DOUGLAS W. BUTLER AND DEBRA L. BUTLER, Appellees

**On Appeal from the Probate Court No. 3
Harris County, Texas
Trial Court Cause No. 441962**

## CONCURRING OPINION

I join the majority opinion, but I write separately to urge the Texas Supreme Court to take this case so that it may resolve a split among the courts of appeals and consider whether this opinion, in effect, abrogates section 256.003 of the Estates Code. I also disagree with Justice Jewell's concurring opinion.

I agree with Justice Busby that there is a split among the courts of appeals. *Compare In re Estate of Campbell*, 343 S.W.3d 899, 905–08 (Tex. App.—Amarillo 2011, no pet.) (holding default of devisee did not prevent devisee's devisee from

probating the will), *with Schindler v. Schindler*, 119 S.W.3d 923, 929 (Tex. App.—Dallas 2003, pet. denied) (holding devisee's default prevented the devisee's devisee from probating the will).

I also agree that we are bound to follow *Faris v. Faris*, 138 S.W.2d 830 (Tex. Civ. App.—Dallas 1940, writ ref'd), because the Texas Supreme Court refused a writ of error in that case, meaning that the opinion has the same precedential value as an opinion of the Texas Supreme Court. *See* Tex. R. App. P. 56.1(c); *Tex. Utils. Elec. Co. v. Timmons*, 947 S.W.2d 191, 199 (Tex. 1997). Thus, *Faris* dictates the result here.

But by requiring Linda to show that Norman was not in default, rather than to limit it to her own default, we effectively preclude the application of the statute to Linda. I cannot imagine any factual scenario that would allow admissible testimony to prove that Norman was not in default. Nor can the appellees. When asked at oral argument how Linda could ever prove that Norman was not in default, they had no answer. As a result, Linda cannot take advantage of the statute that allows for late filing of a will to probate.

While Justice Jewell is correct that a statute of limitations is intended to timely resolve estates, not allowing Patricia's will to be probated does not timely resolve her estate. In fact, it only complicates matters because now her estate will be governed by the laws of intestacy. One of the main assets of Norman's estate was apparently the home that he lived in with Patricia. (The record does not contain the title information for the property.) Instead of title resting solely in Norman, the title issue may be complicated by separate versus community property issues. Norman's estate may be entitled to compensation for the years he paid taxes on the property or for other improvements. The status of the real property will be in legal limbo while these issues are litigated. Attorney's fees will be much higher.

Patricia left her estate to Norman—not to the appellees. By sitting quietly all these years, the appellees gain a windfall. Patricia's intent will not be honored. Applying the statute of limitations to Linda's application does not result in justice, nor does it further a legislative goal of timely resolving estates.

/s/     Tracy Christopher
        Justice

Panel consists of Justices Christopher, Busby, and Jewell. (Busby, J., majority). (Jewell, J., concurring).