Martha Hill Jamison, Justice
In two issues in this contractual dispute, appellant David Smith challenges the trial court's denial of his motion to transfer venue and grant of final summary judgment in favor of appellees, Brian Smith, Cash Register Sales and Service of Houston d/b/a CRS Texas, and POS Card Services, LLC. The trial court rendered summary judgment against David on his breach of contract claim and in favor of appellees on their declaratory judgment claims. In a cross appeal, appellees challenge the trial court's denial of their motion for costs and attorney's fees under the Texas Declaratory Judgment Act.[1] Concluding that David presented evidence raising fact questions regarding the existence and enforceability of a contract between himself and appellees, we reverse and remand the portion of the trial court's judgment granting a declaration that there was no agreement between the parties. We affirm the trial court's judgment in all other respects.
Background
David and Brian Smith are brothers. Brian owns CRS and POS. CRS sells point of sale and video surveillance equipment, software, and related services to merchants. POS sells credit card processing services provided by banks and financial institutions to retail merchants. David was a sales agent for CRS and POS.[2]
After leaving that position, David sent a demand letter to CRS seeking unpaid commissions on four accounts. David contends that the parties had an oral agreement that he would be entitled to a commission on "all sales that are ever paid at any time to the merchants that he considered to be his," without regard to whether David made the sale or still worked for CRS or POS.
After receiving the demand letter, appellees filed this declaratory judgment action in Harris County, Texas seeking six declarations establishing that David is not (1) an employee of any of appellees; (2) entitled *255 to commissions for any merchant accounts under any agreement or Texas law;[3] or (3) entitled to recover attorney's fees from appellees.[4] David filed an answer, motion to transfer venue, and counterclaim for unpaid commissions. Appellees filed a motion for summary judgment seeking judgment on David's breach of contract counterclaim and their declaratory judgment claims. The trial court denied the motion to transfer venue and granted the motion for summary judgment.[5] Appellees then filed a motion for costs and attorney's fees and entry of final judgment. The trial court rendered final judgment in favor of appellees, but did not award costs or fees to appellees.[6]
Discussion
In two issues, David challenges the trial court's denial of his motion to transfer venue and grant of summary judgment in favor of appellees. Appellees bring one issue in their cross appeal challenging the trial court's denial of their motion for costs and attorney's fees.
I. Venue Objection Waived
In his first issue, David contends that the trial court erred in denying his motion to transfer venue because, according to David, the events giving rise to the parties' claims occurred in San Antonio, Texas. Appellees argue that David waived his venue objection in the trial court by taking "multiple actions that were inconsistent with an intent to pursue his venue motion or that invoked the judicial power of the [trial] court."[7]
The trial court's order denying the venue motion does not indicate whether it was denied because the court deemed the venue objection waived or concluded venue was proper in Harris County. Thus, we address the waiver issue first. See Duran v. Entrust, Inc. , No. 01-08-00589-CV, 2010 WL 1241093, at *4 (Tex. App.-Houston [1st Dist.] Mar. 25, 2010, pet. denied) (mem. op.); Carlile v. RLS Legal Sols., Inc. , 138 S.W.3d 403, 406 (Tex. App.-Houston [14th Dist.] 2004, no pet.). We review a trial court's determination of waiver for an abuse of discretion. Carlile , 138 S.W.3d at 406.
By filing a lawsuit, the plaintiff has the first choice regarding venue. Id. (citing *256 In re Masonite Corp. , 997 S.W.2d 194, 197 (Tex. 1999), and Wilson v. Tex. Parks & Wildlife Dep't , 886 S.W.2d 259, 260 (Tex. 1994) ). If the plaintiff's choice is not properly challenged through a motion to transfer venue, venue is fixed in the county in which the plaintiff filed suit. Id.
A venue objection can be waived in several ways. At issue here is whether David impliedly waived his venue objection through actions inconsistent with an intent to pursue the venue motion. See ids="10005024" index="7" url="https://cite.case.law/sw2d/886/259/#p260">id. Generally, such actions invoke the judicial power of the courts. Id. Appellees argue that David impliedly waived his venue objection by not diligently requesting a setting or obtaining a ruling on the venue motion and by participating in discovery, joining a motion for continuance, and filing a jury demand.[8]
A. Delay in Requesting Setting and Obtaining Ruling
A party filing a venue motion has the burden to diligently request a setting on the motion and obtain a ruling prior to a trial on the merits. Id. at 408 (citing Tex. R. Civ. P. 87(1) ). A delay in obtaining a hearing provides a basis for the trial court to deny a venue motion. Id.
David filed his combined answer, counterclaim, and motion to transfer venue on September 25, 2013. The venue motion was heard approximately eleven months later on August 8, 2014.[9] The trial court did not rule on the motion at the time of the hearing. On September 12, 2014, David filed a combined amended answer, counterclaim, and motion to transfer venue.[10] The trial court denied the venue motion on February 9, 2015.[11] In the order, the trial court noted the motion was heard on August 8, 2014, one month before the amended pleading was filed.
We first address appellees' contention that David waived his venue objection because the trial court ruled on the original motion and thus David apparently failed to obtain a ruling on his "live" motion. According to appellees, David obtained a ruling only on his original motion, which was superseded by the amended "live" motion.
The language in the "motion to transfer venue" section of the two pleadings is identical. Thus, we do not agree with appellees that David amended his motion to transfer venue. Even if he had, an amended motion to transfer venue that is filed before the trial court rules on a timely *257 original motion relates back to the original motion. In re Pepsico, Inc. , 87 S.W.3d 787, 794 (Tex. App.-Texarkana 2002, no pet.). Here, the trial court ruled on the motion to transfer venue after David filed his amended pleading, so even if the motion to transfer venue section of the pleading properly could be construed as an amended motion, it would relate back to the original. Therefore, we do not agree that David failed to obtain a ruling on his "live" motion to transfer venue.
David, however, waited nearly a year to have his motion to transfer venue heard and then waited approximately six more months more to file a proposed order. This delay indicates a lack of diligence in securing the hearing and obtaining a ruling.[12] See Carlile , 138 S.W.3d at 408 (noting that a delay of 14 months indicated a lack of diligence); see also CMH Set & Finish, Inc. v. Taylor , No. 05-14-01407-CV, 2016 WL 1254063, at *6 (Tex. App.-Dallas Mar. 31, 2016, pet. denied) (mem. op.) (collecting cases involving delays between one year and 32 months); Whitworth v. Kuhn , 734 S.W.2d 108, 111 (Tex. App.-Austin 1987, no writ) (noting trial court could have denied motion to transfer venue because movant waited more than a year to request a hearing).
B. Inconsistent Actions
A movant also may impliedly waive his venue objection through actions that are inconsistent with an intent to pursue it. Taylor , 2016 WL 1254063, at *6 ; Carlile , 138 S.W.3d at 408-09. When a movant seeks relief that is ancillary to the merits or inherently preliminary, courts are reluctant to find waiver. Taylor , 2016 WL 1254063, at *6 ; Carlile , 138 S.W.3d at 406. However, if the movant seeks relief that invokes the general jurisdiction of the court to rule on the merits of the parties' claims, courts may find waiver. See, e.g., Gentry v. Tucker , 891 S.W.2d 766, 768 (Tex. App.-Texarkana 1995, no writ) ("The motion [to transfer venue] will be waived if the defendant who is filing it, without first insisting upon its disposition, tries the case on the merits."); Grozier v. L-B Sprinkler & Plumbing Repair , 744 S.W.2d 306, 310 (Tex. App.-Fort Worth 1988, writ denied) ("[I]nconsistent action resulting in waiver is one which invokes the general jurisdiction of the court without reservation of rights asserted by the filing of the plea of privilege."). Courts review the record as a whole to determine whether the movant's actions and delay collectively establish waiver. Taylor , 2016 WL 1254063, at *6 ; Carlile , 138 S.W.3d at 409.
David filed a response to plaintiffs' summary judgment motions and joined a motion for continuance in which the parties asserted that they needed "more time to prepare for trial so that they [could] present their claims and defenses." David did *258 not condition his response or the continuance motion on his venue motion, and he did not reurge his venue objection.[13] These facts-asking the court to deny motions for summary judgment and requesting a trial continuance to prepare for trial-do not reflect issues that are ancillary to the merits or preliminary. See Taylor , 2016 WL 1254063, at *7 (holding that a scheduling order signed by the movant addressing deadlines for "supplemental witness lists, supplemental objections to designation of deposition testimony, objections to trial exhibits, and the date of trial" did not involve ancillary or preliminary matters for purposes of determining waiver of venue motion). In failing to make the summary judgment response and continuance motion subject to his venue motion or to reurge his venue objection in these filings, David acted inconsistently with an intent to urge his venue motion and invoked the jurisdiction of the trial court. See Carlile , 138 S.W.3d at 408-09 (holding that in filing a motion to compel discovery, motion for continuance, and response to no-evidence motion for summary judgment not subject to his venue motion, defendant "invoked the jurisdiction of the trial court and acted inconsistently with an intent to insist upon his venue motion").
David argues Carlile is distinguishable from the facts of this case because the defendant in that case filed a motion for new trial addressing the merits of the case. 138 S.W.3d at 406-07. But the Carlile court considered that filing in conjunction with other actions constituting waiver: delay in securing a hearing and filing a motion to compel discovery responses, motion for continuance, and response to no-evidence motion for summary judgment "not conditioned upon [the] venue motion." Id. at 408-09. Considering all these things together, the court concluded that the defendant waived his venue objection. Id. The Dallas Court of Appeals in Taylor analyzed the issue similarly and held that the movant waived its venue objection by delaying eighteen months to seek a hearing and "by agreeing to a scheduling order that set the case for trial without making such agreement subject to its venue objection." 2016 WL 1254063, at *7. Both Carlile and Taylor are helpful to our analysis because, as in this case, both cases deal with multiple actions by the movant indicating, when considered together, that the movant waived the venue objection.
We conclude that the trial court reasonably could have determined that David's delay in seeking a hearing and a ruling on his venue motion, along with his filings that were not subject to his venue objection, amounted to a waiver of his venue objection.[14] ibr.US_Case_Law.Schema.Case_Body:v1">See id. Thus, the trial court did not abuse its discretion in denying the venue motion. See id. We overrule David's first issue.
II. Fact Questions as to Existence and Enforceability of Contract, Waiver of Other Issues
In his second issue, David challenges the trial court's grant of summary judgment in favor of appellees. In their hybrid no-evidence and traditional motion for summary judgment, appellees argued that there was no evidence of any element of David's breach of contract claim and that they conclusively established they were entitled *259 to the judicial declarations sought in their request for declaratory relief.
We review a trial court's grant of summary judgment de novo. Ferreira v. Butler , No. 14-16-00648-CV, 531 S.W.3d 337, 339-40, 2017 WL 4156884, at *2 (Tex. App.-Houston [14th Dist.] Sept. 19, 2017, no pet. h.). We consider all the evidence in the light most favorable to the non-movant, crediting evidence favorable to the non-movant if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. See Mack Trucks, Inc. v. Tamez , 206 S.W.3d 572, 582 (Tex. 2006). When a party moves for summary judgment on both no-evidence and traditional grounds, we address the no-evidence grounds first. Ford Motor Co. v. Ridgway , 135 S.W.3d 598, 600 (Tex. 2004) ; Ferreira , 531 S.W.3d at 339-40, 2017 WL 4156884, at *2.
In a no-evidence motion for summary judgment, the movant asserts that there is no evidence of one or more essential elements of the claims the non-movant has the burden of proving. See Tex. R. Civ. P. 166a(i). To defeat the motion, the non-movant has the burden to respond with more than a scintilla of evidence raising a genuine issue of material fact as to the challenged elements. Ferreira , 531 S.W.3d at 339-40, 2017 WL 4156884, at *2.
A party filing a traditional motion for summary judgment has the initial burden of showing that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c) ; Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding , 289 S.W.3d 844, 848 (Tex. 2009). If the movant does so, the burden shifts to the non-movant to raise a genuine issue of material fact sufficient to defeat summary judgment. Ferreira , 531 S.W.3d at 339-40, 2017 WL 4156884, at *2.
The evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. Goodyear Tire & Rubber Co. v. Mayes , 236 S.W.3d 754, 755 (Tex. 2007). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency ($90,235) , 390 S.W.3d 289, 292 (Tex. 2013).
A. Breach of Contract Counterclaim
Appellees moved for summary judgment on David's breach of contract counterclaim on the basis that there is no evidence of any of the elements of breach of contract. Such a claim requires proof of the following elements: (1) a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. Eurecat US, Inc. v. Marklund , 527 S.W.3d 367, 387-88 (Tex. App.-Houston [14th Dist.] 2017, no pet.).
David asserts that in his three-page response to the motion for summary judgment, he "set[ ] forth his [deposition] testimony ... as to the terms of the contract in question" and presented evidence of appellees' partial performance to establish that the statute of frauds does not bar his breach of contract claim.[15] These arguments *260 address only the existence of a valid contract, but not the three remaining elements of a breach of contract claim. For David to obtain a reversal of the motion on this claim, he was required to produce evidence as to every challenged element. See PAS, Inc. v. Engel , 350 S.W.3d 602, 607 (Tex. App.-Houston [14th Dist.] 2011, no pet.). Because David does not challenge the trial court's summary judgment based on his failure to raise a fact issue on performance, breach, and damages, we must affirm the trial court's judgment as to these grounds. See, e.g., Haase v. Hychem, Inc. , No. 14-14-00785-CV, 2016 WL 402197, at *5 (Tex. App.-Houston [14th Dist.] Feb. 2, 2016, no pet.) (mem. op.) (sustaining no-evidence summary judgment because nonmovant failed to present evidence of element of fraud claim that defendant intended the plaintiff to rely on misrepresentation); Graham v. Federated Dep't. Stores, Inc. , No. 05-09-01310-CV, 2011 WL 3435371, at *3 (Tex. App.-Dallas Aug. 8, 2011, no pet.) (mem. op.) ("Because [appellant's] brief does not effectively present a challenge as to whether the trial court properly granted summary judgment based on her failure to raise a fact issue as to the first, third, and fourth elements of a premises liability claim, we must affirm the trial court's judgment on no-evidence as to these grounds.").
B. Declaratory Judgment Claims
Appellees asserted in their traditional motion for summary judgment that they conclusively established their entitlement to the six declarations they sought in the lawsuit. On appeal, David does not argue that appellees failed to meet their initial summary judgment burden. David argues only that he presented evidence raising a genuine issue of material fact as to appellees' entitlement to each declaration. Thus, we limit our discussion to that issue. See La China v. Woodlands Operating Co. , 417 S.W.3d 516, 522 (Tex. App.-Houston [14th Dist.] 2013, no pet.) ("We may not address an issue not asserted or briefed by [an appellant].").
As an initial matter, we note that David has the burden to present and discuss his appellate issues in accordance with the appellate briefing rules. Vo v. Doan , No. 14-14-00994-CV, 2016 WL 3574671, at *9 (Tex. App.-Houston [14th Dist.] June 30, 2016, pet. denied) (mem. op.). It is not our duty to review the record, research the law, and then fashion a legal argument for an appellant when he has failed to do so. Canton-Carter v. Baylor Coll. of Med. , 271 S.W.3d 928, 931-32 (Tex. App.-Houston [14th Dist.] 2008, no pet.). Briefing waiver occurs when a party fails to make proper citations to authority or to the record or provide any substantive legal analysis. Tex. R. App. P. 38.1(i) ; Vo , 2016 WL 3574671, at *9 ; Canton-Carter , 271 S.W.3d at 931. Even though we are required to interpret appellate briefs reasonably and liberally, parties asserting error on appeal still must put forth some specific argument and analysis citing the record and authorities in support of their *261 argument. San Saba Energy, L.P. v. Crawford , 171 S.W.3d 323, 338 (Tex. App.-Houston [14th Dist.] 2005, no pet.). And it is not our duty to perform an independent review of the summary-judgment record for evidence supporting an appellant's position. Priddy v. Rawson , 282 S.W.3d 588, 595 (Tex. App.-Houston [14th Dist.] 2009, pet. denied).
With these principles in mind, we note that David lists each declaration and follows it with a conclusory sentence asserting that he presented evidence raising a fact question but does not point to any specific evidence. Similarly, he does not cite the record or any authority or include substantive legal analysis supporting his contention that appellees are not entitled to the declarations. Below, we review David's arguments as to each declaration in the context of his entire brief to determine whether David has waived any or all of his arguments. See San Saba Energy , 171 S.W.3d at 338 (acknowledging appellate courts are required to interpret appellate briefs reasonably and liberally). To facilitate our discussion, we quote each declaration before addressing each argument.
1. Employment Status
• "Defendant David Smith is not, and has never been, an employee of any of the Plaintiffs[.]"
David argues in his brief, "This fact does not prevent [David's] entitlement to commissions as a non-employee salesperson." David does not point to any evidence in the record as to why appellees were not entitled to this declaration and similarly provides no authority in support of his argument. This argument is waived. See Pitsenbarger v. Cytec Indus., Inc. , No. 14-10-00474-CV, 2011 WL 1312274, at *2 (Tex. App.-Houston [14th Dist.] Apr. 7, 2011, no pet.) (mem. op.) ("[Appellant] fails to provide any supporting arguments, authorities, or citations to particular facts that might raise a genuine issue of material fact as to the elements of his claim. Therefore, his issue is waived.") (citing Tex. R. App. P. 38.1(g), (i) ).
As to the remaining declarations, David contends that there is evidence raising a fact question but again does not cite the record or any authority in his analysis. However, David includes certain record cites in his statement of facts. Below, we review those record cites to see if David has pointed to any evidence raising a fact question as to each of the remaining declarations.
2. Existence of Contract
• "None of the Plaintiffs are parties to any employment, consulting or other agreement with Defendant David Smith or anyone else whereby Defendant David Smith is entitled to any commissions for any merchant accounts, including the four merchant accounts listed in his lawyer's later [sic] dated June 11, 2013[.]"
David argues that his "testimony as to the agreement in question is some evidence of an employment agreement." In his statement of facts, David cites a portion of his response to the motion for summary judgment in which he relied on deposition testimony that appellees agreed to pay him future commissions on all sales for his customers. This testimony raises a fact question as to the existence of such an agreement.
Appellees argue, however, that any such oral agreement is "barred by the statute of frauds." The statute of frauds is an affirmative defense that renders an oral contract unenforceable when, as relevant here, it cannot be performed within one year. See *262 Duradril, L.L.C. v. Dynomax Drilling Tools, Inc. , 516 S.W.3d 147, 158 (Tex. App.-Houston [14th Dist.] 2017, no pet.) ; see also Cruikshank v. Consumer Direct Mortg., Inc. , 138 S.W.3d 497, 501 (Tex. App.-Houston [14th Dist.] 2004, pet. denied). The party pleading the statute of frauds bears the initial burden of establishing its applicability. Duradril , 516 S.W.3d at 158. Once that party meets its initial burden, the burden shifts to the opposing party to establish an exception taking the oral contract out of the statute of frauds.[16] Id. Whether an exception to the statute of frauds applies is generally a question of fact. Id.
David asserts that appellees' partial performance takes the contract out of the statute of frauds. Partial performance by either party removes a contract from the requirements of the statute of frauds when the partial performance is unequivocally referable to the agreement and corroborative of the fact that a contract actually was made. Vermont Info. Processing, Inc. v. Montana Beverage Corp. , 227 S.W.3d 846, 853 (Tex. App.-El Paso 2007, no pet.).
In his statement of facts, David cites the portion of his response to the motion referring to deposition testimony in which he said that he was paid a commission after he discontinued working as a salesperson for appellees, which apparently was a residual commission from a prior sale.[17] Appellees argue that this testimony merely confirms that David was paid for sales he participated in making, so the evidence is not referable to any agreement that David would be paid commissions on future sales.[18] But appellees did not seek a declaration that is limited to commissions on future sales in which David did not participate. A plain reading of the declaration reveals that it encompasses "any commissions for any merchant accounts"; thus, it includes even sales in which David arguably participated. In seeking this declaration, appellees thus asserted that the parties do not have an agreement under which appellees owe David any commissions, residual or otherwise.
We conclude David presented evidence raising fact questions as to the existence of the purported agreement and the applicability of the partial performance exception to the statute of frauds. We turn to the remaining declarations.
3. Entitlement to Commissions
We address the following three declarations involving David's entitlement to commissions together.
• "Defendant David Smith is not entitled to any commissions, or other compensation, from any of the Plaintiffs under the Texas Labor Code[.]"
• "Defendant David Smith has not 'earned' any commissions payable by any of the Plaintiffs for any merchant accounts, including the four *263 merchant accounts listed in his lawyer's later [sic] dated June 11, 2013[.]"
• "Plaintiffs have not 'wrongfully denied' Defendant David Smith any commissions for any merchant accounts, including the four merchant accounts listed in his lawyer's letter dated June 11[,] 2013[.]"
David argues that he presented evidence raising a fact question as to his entitlement to commissions through (1) his testimony "to the effect that he is entitled to commissions and other compensation," (2) his testimony "that he is entitled to recurring commissions on new customers," and (3) the fact that no commissions have been paid. But in his appellate brief, David has not directed this court to any evidence of sales for which David was owed a commission or to any evidence that appellees did not pay David for any commissions owed him. Accordingly, David has not cited any evidence in the record that might raise a genuine issue of material fact as to his entitlement to commissions. See Pitsenbarger , 2011 WL 1312274, at *2.
4. Applicability of Texas Civil Practice and Remedies Code
We discuss the two final declarations involving the applicability of the Civil Practice and Remedies Code together.
• "Defendant David Smith has not 'rendered services' or 'performed labor,' as those terms are defined for purposes of Chapter 38.001 of the Texas Civil Practice and Remedies Code, for any of the Plaintiffs[.]"
• "Defendant David Smith is not entitled to recover any attorney's fees or costs under Chapter 38.001 of the Texas Civil Practice and Remedies Code, from the Plaintiffs, jointly or severally[.]"
David states only that his testimony "is some evidence that he has rendered services and performed labor for [appellees]" and "there is some evidence that [appellees] have breached a contract with [David] and, therefore, [David] is entitled to recover attorney's fees." David does not provide any citations to the statute other than the general reference to "Chapter 38.001" in the declarations, and he does not provide any analysis regarding why this chapter might apply.[19] We decline to craft his argument for him. See Canton-Carter , 271 S.W.3d at 931-32.
Moreover, with regard to his argument that there is some evidence of breach, as discussed above, David has not directed this court to any evidence of sales made for which David was owed a commission or to any evidence that appellees did not pay David for any commissions owed him. Accordingly, he has not cited any evidence that would raise a fact question on breach. See Pitsenbarger , 2011 WL 1312274, at *2.
Having concluded that David presented evidence raising fact questions as to the existence of the purported agreement and the applicability of the partial performance exception to the statute of frauds, we sustain his second issue in part. We overrule the remainder of this issue.
III. Attorney's Fees and Costs Discretionary
In a sole issue in their cross-appeal, appellees contend that the trial court abused its discretion in failing to *264 award appellees attorney's fees and costs. In a declaratory judgment action, a trial court "may award costs and reasonable and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code § 37.009. The award is not dependent on a finding that the party prevailed in the action, and in its discretion, the trial court may decline to award fees to either party. Approach Res. I, L.P. v. Clayton , 360 S.W.3d 632, 639 (Tex. App.-El Paso 2012, no pet.) (citing Barshop v. Medina Cnty. Underground Water Conservation Dist. , 925 S.W.2d 618, 637-38 (Tex. 1996) ).
As appellees acknowledge, the determination of whether to award attorney's fees in a declaratory judgment action is "solely within the sound discretion of the trial court." City of The Colony v. N. Tex. Mun. Water Dist. , 272 S.W.3d 699, 754 (Tex. App.-Fort Worth 2008, pet. dism'd). Accordingly, we will not disturb a trial court's decision to grant or deny attorney's fees absent an abuse of discretion. Clayton , 360 S.W.3d at 639. A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, without reference to guiding rules and principles of law. Id. (citing Goode v. Shoukfeh , 943 S.W.2d 441, 446 (Tex. 1997) ).
In reviewing a trial court's decision not to award attorney's fees, we examine whether the complaining party established not only that the fees sought are reasonable and necessary, but also that the award is equitable and just. City of The Colony , 272 S.W.3d at 754. A trial court "may conclude that it is not equitable or just to award even reasonable and necessary fees." Ogden v. Ryals , No. 14-10-01052-CV, 2012 WL 3016856, at *5 (Tex. App.-Houston [14th Dist.] July 24, 2012, no pet.) (mem. op.) (quoting Bocquet v. Herring , 972 S.W.2d 19, 21 (Tex. 1998) ).
Appellees do not cite the record in support of their argument. They argue that an affidavit from their attorney established that the fees were reasonable and necessary. They also argue, without record support or citations to authority, that an award of attorney's fees would be equitable and just because (1) appellees filed the lawsuit to obtain declaratory relief "solely because they were directly threatened, by a lawyer representing [David], with a legal action in which [David] threatened to seek damages and attorney's fees"; (2) they were "100% correct in their position about their rights and responsibilities"; (3) David's claims are "devoid of factual and legal support"; and (4) David did not argue that it would not be just and equitable to make the award.
Appellees have not demonstrated-through argument or otherwise-that the trial court's refusal to award fees under such circumstances was arbitrary or unreasonable. See Clayton , 360 S.W.3d at 640 ("[T]here is no indication from the record, including the trial court's findings, that the court's refusal to award fees was arbitrary or unreasonable."). Appellees filed the lawsuit at a time when they did not know whether David would file a lawsuit seeking damages and fees. The trial court reasonably could have concluded that appellees' lawsuit seeking a declaratory judgment on David's claim for commissions did not justify an award of fees. Similarly, the trial court's rendition of summary judgment in appellees' favor did not establish that appellees were "100% correct" or that David's claims were "devoid of factual and legal support," which is demonstrated by this court's holding that there are fact questions as to the existence and enforceability of the purported contract. Finally, even if David did not argue that it would not be just and equitable to make the award, appellees had the burden to establish that such an award would be equitable and just. On this record, they have not *265 done so. See City of The Colony , 272 S.W.3d at 754 ("Considering the record, the trial court may have concluded that it would not have been equitable or just to award ... any reasonable and necessary appellate attorneys' fees, as it is permitted to do.").
We overrule appellee's cross-appellate issue.
Conclusion
We conclude that the trial court reasonably could have determined that David waived his venue objection, and thus, the trial court did not abuse its discretion in denying David's motion to transfer venue. We further conclude that David failed to challenge every basis for summary judgment as to his breach of contract claim, but presented evidence raising fact questions regarding the existence and enforceability of a contract between himself and appellees. Accordingly, we reverse and remand that portion of the trial court's judgment granting a declaration that there was no agreement between the parties. We affirm the trial court's judgment in all other respects.

See Tex. Civ. Prac. & Rem. Code § 37.009.

Appellees contend that David was not an employee of CRS or POS but worked as a part-time, independent sales agent. David contends that he had an employment agreement with appellees, but even if he did not, he is entitled to unpaid commissions "as a non-employee salesperson," discussed below.

Specifically, appellees assert that David is not entitled to commissions under the Texas Labor Code or Chapter 38 of the Texas Civil Practice and Remedies Code.

The declarations are quoted below. Infra at II.B.

Appellees assert that the trial court signed an order denying David's original motion to transfer and not his later filed first amended motion to transfer.

The trial court did not specify the grounds on which it granted summary judgment.

We note that despite relying heavily on the record, appellees did not include record cites in their analysis. See Tex. R. App. P. 38.1(i) (requiring argument to include "appropriate citations to authorities and to the record"), 38.2(a)(1) (requiring appellee's briefs to conform with Rule 38.1 but for certain inapplicable exceptions). Appellees also refer to a number of documents that are not in the record and are only attached to appellees' brief. Although appellees supplemented the record to include some of the documents in the appendix, they did not include documents or record cites to support all of their assertions regarding David's actions relating to setting the venue motion for hearing and obtaining a ruling on the motion. Moreover, appellees did not supplement their brief to add cites to the supplemental record. We cannot consider documents that are not part of the record. See Canton-Carter v. Baylor Coll. of Med. , 271 S.W.3d 928, 931 n.2 (Tex. App.-Houston [14th Dist.] 2008, no pet.) ("We may not consider documents attached to an appellate brief that are not part of the appellate record.").

David joined two motions for continuance, but he joined the second after the trial court ruled on the venue motion.

The hearing was initially set for May 2, 2014. The record does not show why the hearing was reset, although appellees argue without record support that David "passed" on the first hearing.

Although appellees contend that the motion to transfer venue was amended by this combined motion, it is unclear whether "amended" referred only to David's counterclaim or also to the venue motion and answer.

David filed the proposed order denying the motion to transfer venue. Appellees argue without citing any authority that David "cannot argue, on appeal, that it was error" for the trial court to sign the order denying the motion that David prepared. We find this argument to be without merit. The record does not reflect whether David drafted the order in response to a request from the trial court or on his own accord, and we will not speculate as to why he did so. The order was "approved as to form" only by David's counsel. An approval as to form does not establish consent to the substance of an order unless other language in the order indicates that the substance of the order was also agreed. See In re J.A.P. , 510 S.W.3d 722, 724 (Tex. App.-San Antonio 2016, no pet.).

David argues that the trial court "had the discretion to entertain the motion on the merits," relying on Bristol v. Placid Oil Co. , 74 S.W.3d 156, 160 (Tex. App.-Amarillo 2002, no pet.). In that case, the Amarillo Court of Appeals held that the record did not support Bristol's argument that Placid waived its venue objection even though 32 months lapsed between the filing of the motion and the trial court's granting it in light of the fact that Placid requested a hearing at least twice and no evidence other than the time lapse supported a conclusion that the movant was not diligent. Id. at 159-60. However, our sister court also acknowledged that "delay in obtaining a hearing [may provide] grounds for the trial court to deny a motion to transfer." Id. at 160 ; see also CMH Set & Finish, Inc. v. Taylor , No. 05-14-01407-CV, 2016 WL 1254063, at *6 (Tex. App.-Dallas Mar. 31, 2016, pet. denied) (mem. op.). In this case, as discussed below, other evidence supports the conclusion that David waived his venue objection, so we need not decide whether his delay, standing alone, was sufficient to waive his venue objection.

Appellees also note that David filed a jury demand that similarly neither conditioned his request on his venue motion nor reurged his venue objection. However, some courts have refused to find waiver when a party filed a jury demand, concluding such action was ancillary to the main action. See Taylor , 2016 WL 1254063, at *6.

Accordingly, we do not reach the merits of David's venue motion. See Carlile , 138 S.W.3d at 409.

Appellees argued below and argue on appeal that there was no evidence of a valid contract because the alleged oral agreement was barred by the statute of frauds, discussed in more detail below. See infra at II.B.2. We note that the statute of frauds is an affirmative defense, and a party cannot move for no-evidence summary judgment on its own affirmative defense for which it bears the burden of proof. See Duradril, L.L.C. v. Dynomax Drilling Tools, Inc. , 516 S.W.3d 147, 158 (Tex. App.-Houston [14th Dist.] 2017, no pet.) ("The statute of frauds is an affirmative defense to breach of contract and renders a contract that falls within its purview unenforceable."); Haven Chapel United Methodist Church v. Leebron , 496 S.W.3d 893, 904 (Tex. App.-Houston [14th Dist.] 2016, no pet.) ("The law is well-established that a party may never properly move for no-evidence summary judgment to prevail on its own claim or affirmative defense for which it bears the burden of proof."). However, whether appellees properly moved for no-evidence summary judgment on this basis is of no moment because David did not present evidence of the other challenged elements of his claim.

Accordingly, merely asserting that the statute of frauds applies does not establish that the contract does not exist. See Duradril , 516 S.W.3d at 158 (acknowledging that exceptions apply to the statute of frauds that would cause the contract at issue to be enforceable).

The testimony indicates that David was paid the commission in February 2013. He stopped working as a salesperson for appellees in 2012.

The deposition testimony, in relevant part, reads as follows:
Q. [T]hat shows the payment in March of 2013, right? ... And, in fairness, I think the calculation is for February, right? ... But if I understand you correctly, your belief is, because you were promised that you'd get these commissions or these residuals forever, that they continue to owe them to you even after you have said you're not going to work with them anymore?
A. Correct.

We note that "Chapter 38.001" is actually a reference to section 38.001. Under that section, in relevant part, "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for ... rendered services[, or] performed labor[.]" Tex. Civ. Prac. & Rem. Code § 38.001.