

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00362-CV

PATRICIA L. WHEELER, APPELLANT

V.

MARY ELIZABETH TURLEY AND BRENDA GRAY,[1] APPELLEE

On Appeal from the 47th District Court
Armstrong County, Texas
Trial Court No. 2534, Honorable Dan L. Schaap, Presiding

May 28, 2019

MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Patricia L. Wheeler, appearing pro se, appeals the trial court's September 13, 2017 Judgment for Title of Possession, which awarded title to and possession of the property located at 1980 Highway 287 in Goodnight, Texas to appellee Mary Elizabeth Turley. We affirm the judgment of the trial court.

---

[1] Wheeler's original petition brought claims against both Turley and Gray. However, the judgment appeared to resolve only Wheeler's claims brought against Turley. We remanded this matter to the trial court to clarify whether the judgment was intended to be final and appealable. *See Wheeler v. Turley*, No. 07-17-00362-CV, 2019 Tex. App. LEXIS 1152, at *2-3 (Tex. App.—Amarillo Feb. 15, 2019, order) (per curiam). On May 6, the trial court entered an order severing all claims brought by Wheeler against Gray into a separate cause number and specified that the trial court's prior judgment "constitute a final, appealable order disposing of all claims between Patricia L. Wheeler and Mary Elizabeth Turley."

Wheeler and Turley entered into a lease-to-own agreement in which Wheeler agreed to pay Turley $400 per month for the property until the purchase price of $50,000 was paid. Wheeler made two $400 payments before issues arose between the parties. Subsequently, Turley filed a suit for eviction of Wheeler due to nonpayment under the agreement. In response, Wheeler filed the instant suit for real estate fraud, conspiracy, illegal eviction, defamation, harassment, libel, and mental anguish. Through her petition, Wheeler makes several different claims relating to who is the rightful owner of the property. Turley dismissed her suit for eviction and filed a counterclaim for eviction in Wheeler's action. After a bench trial, the trial court entered its September 13, 2017 Judgment for Title of Possession. From this judgment, Wheeler filed the instant appeal.

Wheeler filed her appellate brief on January 3, 2018. This Court rejected her brief for failing to comply with the requirements of Texas Rule of Appellate Procedure 38.1. We notified Wheeler of the rejection of her brief by letter dated January 8, 2018. In this letter, we specified that Wheeler's brief failed to include "references to the appellate record and citations to legal authorities" as required by Rule 38.1(g) and (i). On January 18, 2018, Wheeler filed her "corrected" appellate brief. However, Wheeler's corrected brief wholly fails to make reference to the appellate record or to cite legal authorities.[2]

We are to hold pro se litigants to the same standards as licensed attorneys and they must comply with all applicable rules of procedure. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). A relaxation of the rules in favor of pro se

---

[2] Wheeler's brief contains a "Table of Authorities" that identifies "real estate law," "Texas Deceptive Trade Act and Penalties," "Texas Property Code Rules and Penalties," "Texas Rules of Civil Procedure," and "United States Constitution and Civil Rights." However, Wheeler makes no effort to provide any analysis regarding how these general areas of law might apply in this case and we may not craft such arguments for her. *See Smith v. Smith*, 541 S.W.3d 251, 263 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citation to "Chapter 38.001" of the Texas Civil Practices and Remedies Code without analysis is insufficient).

litigants would provide such parties with an unfair advantage over parties who are represented by counsel. *Id.* Consequently, we cannot make allowances or apply different standards because a litigant acts without the advice of counsel. *Id.*

Under Texas Rule of Appellate Procedure 38.1(i), a brief submitted by appellant must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). An appellate issue unsupported by argument or citation to the record or by appropriate legal authority presents nothing for our review. *Blankinship v. Brown*, 399 S.W.3d 303, 307 (Tex. App.—Dallas 2013, pet. denied). "Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint." *In re Estate of Taylor*, 305 S.W.3d 829, 836 (Tex. App.—Texarkana 2010, no pet.); *see Smith*, 541 S.W.3d at 263. It is not appropriate for an appellate court to attempt to re-draft and articulate what it believes an appellant intended to raise as an issue on appeal. *Berardinelli v. Pickels*, No. 05-12-01390-CV, 2014 Tex. App. LEXIS 11728, at *5 (Tex. App.—Dallas Oct. 23, 2014, no pet.) (mem. op.). "An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Valadez*, 238 S.W.3d at 845. Performing such an independent review would require us to abandon our role as neutral adjudicators and, instead, become advocates for that party. *Id.* We have no discretion to consider an issue not raised by appellant in her brief, even if the ends of justice would require us to do so. *Id.*

As we have indicated above, Wheeler's "corrected" brief does not contain any references to the appellate record or citations to legal authority. This remains the case even after this Court rejected appellant's initial brief and specifically notified her that she is required by Rule 38.1(i) to cite legal authority in support of her appellate issues and to

provide references to the appellate record.  Due to Wheeler's failure to comply with the requirements of Texas Rule of Appellate Procedure 38.1, she has waived her issues on appeal.  *Id.* (citing *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994)).  Concluding that Wheeler has presented nothing for our review, we affirm the trial court's judgment.

Judy C. Parker
Justice
