**Affirmed and Memorandum Opinion filed August 8, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00633-CV

### BECKY ANN ARAIZA, AS REPRESENTATIVE OF THE ESTATE OF ANA MARIE CAUDILLO, Appellant

### V.

### LAWRENCE V. BUMB; I DON'T KNOW BAR; AND WARNER FAMILY, L.L.C., Appellees

**On Appeal from the County Court at Law No. 2**
**Hays County, Texas**
**Trial Court Cause No. 17-0649-C**

## M E M O R A N D U M   O P I N I O N

Appellant Becky Ann Araiza appeals a no-evidence summary judgment dismissing her claims. Araiza argues that the trial court erred in granting appellees' motions because she reached a rule 11 agreement settling the lawsuit, and she is entitled to enforce the agreement. Because we conclude that Araiza

failed to prove an enforceable rule 11 agreement exists, we affirm the trial court's judgment.[1]

## Background

Ana Marie Caudillo sued appellees Lawrence Bumb, I Don't Know Bar, and Warner Family, L.L.C. for injuries she allegedly sustained while on the premises of I Don't Know Bar. Caudillo passed away during the pendency of this suit, and Araiza, as the representative of Caudillo's estate, substituted as plaintiff.

Appellees filed no-evidence summary judgment motions on Araiza's claims. In her response, Araiza did not address the merits of appellees' summary judgment arguments but instead contended that the court could not grant the requested relief for an independent legal reason: Caudillo previously settled her claims with appellees. Araiza attached evidence in support of her argument that a settlement agreement existed. Araiza also filed a motion to enforce the purported settlement agreement under Texas Rule of Civil Procedure 11.[2]

The trial court denied Araiza's motion to enforce the settlement agreement and granted summary judgment in favor of appellees.

Araiza timely appealed.

## Analysis

In a single issue, Arazia argues that the trial court erred in refusing to enforce the parties' rule 11 settlement agreement and in granting appellees' no-evidence summary judgment motions.

---

[1] The Supreme Court of Texas transferred this case to our court from the Third Court of Appeals. *See* Tex. Gov't Code § 73.001. We are unaware of any conflict between Third Court of Appeals precedent and that of this court on any relevant issue. *See* Tex. R. App. P. 41.3.

[2] Araiza's motion was entitled "First Supplemental Response to Defendants' Motions for Summary Judgment, and in the Alternative, Motion to Enforce Rule 11 Agreement."

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A no-evidence summary judgment motion is essentially a motion for a pretrial directed verdict; it requires the nonmoving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion. Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). A nonmovant may defeat a no-evidence motion for summary judgment by arguing that the motion fails as a matter of law, *see Nelson v. SCI Tex. Funeral Servs., Inc.*, 484 S.W.3d 248, 253 (Tex. App.—Eastland 2016), *aff'd*, 540 S.W.3d 539 (Tex. 2018), such as, like here, by arguing that a settlement of the parties' dispute precludes the court from granting the relief requested in the motion, *see Yellowe v. Wilson*, No. 01-10-00764-CV, 2011 WL 6015676, at *3 (Tex. App.—Houston [1st Dist.] Dec. 1, 2011, no pet.) (mem. op.).

We review a trial court's decision regarding enforcement of a settlement agreement for an abuse of discretion. *See Riggins v. Hill*, No. 14-09-00495-CV, 2011 WL 5248347, at *7-8 (Tex. App.—Houston [14th Dist.] Nov. 3, 2011, pet. denied) (mem. op.); *Staley v. Herblin*, 188 S.W.3d 334, 336 (Tex. App.—Dallas 2006, pet. denied). Under this familiar standard, we determine whether the trial court acted without reference to any guiding rules and principles. *Sampson v. Ayala*, No. 14-08-01002-CV, 2010 WL 1438932, at *4 (Tex. App.—Houston [14th Dist.] Apr. 13, 2010, no pet.) (mem. op.). A trial judge has no discretion in determining what the law is or in applying the law to the facts of a case. *Id.*

Texas Rule of Civil Procedure 11, "Agreements to Be in Writing," provides:

> Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

Tex. R. Civ. P. 11. Settlement agreements must satisfy the requirements of rule 11 to be enforceable. *See Kennedy v. Hyde*, 682 S.W.2d 525, 528-29 (Tex. 1984).

As evidence of the purported rule 11 agreement, Araiza attached:

- An email from defense counsel to Caudillo's attorney, stating that "This will confirm the settlement of this entire matter for the confidential amount of [$xxx]. . . . Please confirm plaintiff[']s agreement to these terms."

- An email from defense counsel to Caudillo's attorney, attaching a draft settlement agreement/release and a Medicare information form, both requiring Caudillo's signature.

- The draft settlement agreement/release, which is unsigned by Caudillo.

- The Medicare information form, which is neither completed nor signed by Caudillo.

- A series of emails between a paralegal for Caudillo's attorney and defense counsel. The paralegal stated, "Please find the signed and notarized Release." In response, appellees' attorney informed the paralegal that the forms needed to be signed by Caudillo herself or a guardian ad litem, indicating that someone other than Caudillo signed the release (which is not in our record). The paralegal then asked if appellees' attorney "[w]ould . . . accept an Affidavit of Heirship signed by all the beneficiaries," to which the attorney responded in the negative.

There is nothing in the record establishing that Caudillo, or an agent acting on her behalf, signed the proposed settlement agreement or otherwise assented to the proposed agreement's essential terms in writing. Although it appears that a paralegal employed by Caudillo's attorney sent appellees a signed release, the record does not show that the release was signed by Caudillo or her agent. Because the signed release is not part of our record, we have no way of determining who signed the release and, if not Caudillo, whether that person had actual or apparent authority to bind Caudillo to the release. *See, e.g., Sylva v.*

4

*Donisi*, No. 01-03-00855-CV, 2004 WL 1848191, at *3 (Tex. App.—Houston [1st Dist.] Aug. 19, 2004, no pet.) (mem. op.) (holding that written rule 11 agreement was not valid because it was not signed by appellant or his counsel). Even assuming Caudillo or her agent signed the release, Araiza did not establish that Caudillo or her agent agreed in full to all the proposed agreement's terms in addition to the release. Further, while Caudillo's attorney could have signed on her behalf, there is no evidence that Caudillo's attorney signed or agreed in writing to the rule 11 settlement agreement. *Cf. Green v. Midland Mortg. Co.*, 342 S.W.3d 686, 691 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (attorney may execute an enforceable rule 11 agreement on client's behalf). Araiza also does not contend that a settlement agreement was put on the record in open court.

On this record, Araiza failed to establish that a valid and binding rule 11 settlement agreement exists between Caudillo and appellees. Accordingly, the trial court did not abuse its discretion in refusing to enforce the alleged agreement, nor did the court err in granting appellees' motions for summary judgment. Because Araiza does not alternatively challenge the grounds on which the trial court granted summary judgment, we must affirm the court's judgment. *See Smith v. Smith*, 541 S.W.3d 251, 260 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

We overrule Araiza's sole issue on appeal.

## Conclusion

We affirm the trial court's judgment.


/s/    Kevin Jewell
        Justice

Panel consists of Justices Wise, Jewell, and Hassan.

5