**Affirmed and Memorandum Opinion filed September 16, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00173-CV

## IN THE MATTER OF THE ESTATE OF ROBBIE CRISS MCDONALD

**On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 104001-CV**

## MEMORANDUM OPINION

Appellant Lilla Yevonne McDonald[1] challenges the trial court's summary judgment and dismissal rulings in favor of appellees the Robbie Criss McDonald Family Trust, Zoe Crow Cornwell, Rita Criss Sheer, A. Rush Crow, David Rawls,

---

[1] In the trial court and in this court, Lilla purports to represent "The Legal Heirs." In the original petition in the trial court Lilla purported to represent David Neil McDonald. Lilla, however, signed all pleadings pro se. David McDonald did not sign the pleadings in the trial court or the notice of appeal in this court. Therefore, Lilla is the only party to this appeal. *See* Tex. R. App. P. 9.1(b) ("A party not represented by counsel must sign any document that the party files[.]"); *see also Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App.—Texarkana 2009, pet. denied) ("While a layperson has the right to represent themselves, a layperson does not have the right to represent others.").

David B. Rawls, Jr., Nerissa Rawls, Tess Scheer Easterday, and Staci Scheer Descant. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Lilla Yevonne McDonald ("Lilla") is the daughter of Imogene Crawford McDonald and Jefferson David McDonald. In 1979, Lilla's mother passed away, and a year later, Lilla's father married Robbie Criss Crow. On July 25, 2010, Lilla's father passed away, and on January 23, 2018, his second wife, Robbie Criss Crow, passed away. Lilla's father's estate passed completely to his second wife.

Approximately one month later, on February 27, 2018, an application of heirship was opened in the Estate of Jefferson David McDonald, Jr. (Lilla's father). Lilla was served in the heirship proceeding on June 11, 2018, and an attorney ad litem was appointed to represent her in that proceeding. The record reflects that Lilla participated in the heirship proceeding pro se and through the attorney ad litem. On April 30, 2019, the probate judge signed an order approving an Inventory, Appraisement, and List of Claims in the heirship proceeding. No appeal was taken from that order.

Approximately four months later, on August 1, 2019, Lilla filed the underlying suit in Brazoria County District Court. Lilla alleged that her father was under the influence of mind-altering drugs when he signed certain documents in 2002 and entered into a reverse mortgage in 2006. Lilla further alleged that Zoe Crow Cornwell, David Barrymore Rawls, Jr., and Tess Easterday, committed the alleged criminal offense of "False Statement to Obtain Property or Credit or in the Provision of Certain Services." Lilla further accused Cornwell, Rawls, Jr., and Easterday of the criminal offense of "Injury to a Child, Elderly Individual, or Disabled Individual." Lilla sought approximately $1,516,042.50 in damages for "duress, undue influence, fraud, and legal inheritance rights."

2

On October 30, 2019, David B. Rawls, David B. Rawls, Jr., and Nerissa Rawls ("the Rawls Parties") filed a motion to dismiss baseless causes of action pursuant to Texas Rule of Civil Procedure 91a. The Rawls Parties alleged in their motion:

> Plaintiff, Lilla Yevonne McDonald, filed this suit on August 1, 2019, seeking damages in the amount of $1,516,042.50, making loose, rambling and general references to the following legal terms/laws: duress, undue influence, fraud, legal inheritance rights, and purported violations of Texas Penal Code § 32.32, Texas Penal Code § 22.04, and Texas Property Code § 92.006.

Staci Scheer Descant, Tess Scheer Easterday, and Rita Chris Scheer ("the Scheer Parties") also filed a motion to dismiss pursuant to Rule 91a. The trial court granted both motions.

On November 12, 2019, Zoe Crow Cornwell, A. Rush Crow, and Robbie Criss McDonald Family Trust ("the Crow Parties") filed no-evidence and traditional motions for summary judgment. Lilla responded to the Crow Parties' motions and attached purported "evidence." The Crow Parties filed a motion to strike portions of Lilla's response evidence, specifically:

- Motion for Transfer Criminal Court With Default Judgment Charges filed twice – 11-7-19 and 11-20-19 – 40 Exhibits attached –
- Evidence Real Property – Cornwell-McDonald-Rawls-Sheer – Taxes filed 11-21-19 –14 Exhibits attached
- Plaintiffs' Evidence Medical Records filed 11-27-19 – 18 Exhibits attached
- Evidence Report of Medical Records Jefferson David McDonald February 1982 – May 2010 filed 11-27-19 – 11 Exhibits attached
- Evidence Report – RMS Statements filed 11-27-19
- Evidence Past Fraud Charges Real Property filed 11-27-19 – 9 Exhibits attached
- Evidence – Important filed 11-29-19 – 2 attachments

3

- Evidence Real Property-Easterday Scheer – Rental Theft filed 12-2-19 – 4 attachments

- Evidence – Important – filed 12-2-19 – 3 attachments

- Evidence – Real Property – Cornwell McDonald-Rawls-Sheer – Taxes filed on 12-2-19 – 11 Exhibits attached

- Evidence Updated – Rawls – Legal Updated Copies filed 12-5-19 – 16 Exhibits attached

The Crow Parties objected that none of the above evidence was "in an admissible format, certified or supported by Affidavit/Declaration." The trial court granted the Crow Parties' motion to strike Lilla's responsive evidence. The trial court also granted the Crow Parties' motion for summary judgment without specifying the grounds.

Lilla timely appealed the trial court's summary judgment and orders dismissing pursuant to Texas Rule of Civil Procedure 91a.

## ISSUES ON APPEAL

In her brief to this court Lilla presents what purport to be eight "Errors in Court." The issues read:

1. DENIAL of requested credit reports and notary page - "withholding evidence" and "The Facts" newspaper in February of 2019. Appellant called; check was never received and the release of authority went to ZOE CROW CORNWELL.

2. The Notary page (visable [sic] online is visible) signed by ROBBIE CRISS MCDONALD on the 12th of January 2018 was a Power of Attorney not a will. Witnesses both signed this self-providing will on the 18th of January 2018 with ROBBIE CRISS MCDONALD, but she did not sign the notary book again because of the POA being possibly in immediate effect. ROBBIE CRISS MCDONALD was incapacitated and was not in control of her own life the day of the signing January 18th 2018 of this self-providing [sic] will that was accepted into Probate court December 16th of 2018 and signed by Judge Jeremy Warren for PR38674. The two-year mark for the "self-

4

providing [sic] will" is December 16th of 2020. – NOTICE of Appeals – NOTARY PAGE.

3. Voluntary Homesteaded property – DENTON COUNTY and where "GIFT" property of ZACHERY CORNWELL's home is located: DENTON COUNTY.

4. Homesteaded Property worth over $75,000 makes a will invalid. Assumed Business name – "Criss Edward Criss" out of FORT BEND COUNTY – started in 1986.

5. DOCUMENTS are waiting to be processed to the court of real property worth millions of the ROBBIE CRISS MCDONALD FAMILY TRUST members for the Court of Appeals including a reverse mortgage possible TAX conspiracy.

6. LILLA YEVONNE MCDONALD FILED a "CIVIL with Criminal" application and the courts put into "CIVIL ONLY" from what the clerks told LILLA YEVONNE MCDONALD. CASE should have been transferred to CRIMINAL court in the beginning due to the research found of property, in which she asked in December of 2019.

7. Fraud, undue influence and a hidden assumed business name with money located in the state of LOUISIANA and Real Property all over the U.S. possibly worth millions.

8. LILLA YEVONNE MCDONALD asked for again for help with Lone Star Legal Aid and was denied due to no funds available. Asked for Pro Bono lawyer. Bankruptcy is about to take place for LILLA YEVONNE MCDONALD if no resolution is met.

ANALYSIS

**I. Lilla has not raised an issue challenging the trial court's dismissal orders under Texas Rule of Civil Procedure 91a.**

**A. Standard of Review**

Rule 91a allows a party to move to dismiss a cause of action on the ground that it has no basis in law or in fact. *See* Tex. R. Civ. P. 91a.1. As specified in the rule: "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief

5

sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id*. Dismissal is appropriate under Rule 91a "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought . . . [or] no reasonable person could believe the facts pleaded." Tex. R. Civ. P. 91a.1. Whether the dismissal standard is satisfied depends "solely on the pleading of the cause of action." Tex. R. Civ. P. 91a.6.

We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724–25 (Tex. 2016) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 75–76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)); *cf. Marsh USA Inc. v. Cook*, 354 S.W.3d 764, 768 (Tex. 2011) (application of the law to undisputed facts is reviewed de novo); *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005) ("[L]egal-sufficiency review in the proper light must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not."). In conducting our review, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine whether the cause of action has a basis in law or fact. *Sanchez v. Striever*, 614 S.W.3d 233, 239 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

When, as here, the trial court does not specify the ground on which it relied, a party appealing the grant of a motion to dismiss under Rule 91a must challenge every ground on which the trial court could have granted the motion. *Emmanuel v. Izoukumor*, 611 S.W.3d 453, 458 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

## B.    Motions to Dismiss

The Rawls Parties moved for dismissal on the ground that Lilla's "allegations,

taken as true, together with inferences which may be reasonably drawn from them, [did] not entitle [Lilla] to the relief sought" because Lilla failed to state a cause of action recognized by Texas law. The motion noted that Lilla made "loose, rambling and general references to the following legal terms/laws: duress, undue influence, fraud, legal inheritance rights, and purported violations of Texas Penal Code § 32.32, Texas Penal Code §22.04, and Texas Property Code § 92.006." The Scheer Parties' motion alleged similar grounds.

Initially, we note that we discern no issue in Lilla's brief in which she has assailed the trial court's dismissal of her claims under Rule 91a. The Texas Rules of Appellate Procedure control the required contents and the organization for an appellate brief. Tex. R. App. P. 38.1. One of those requirements is that an appellant's brief must concisely state all issues or points presented for review. *Id*. An issue presented for appellate review is sufficient if it directs the reviewing court's attention to the error about which the complaint is made. *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Lilla's issues on appeal do not meet this requirement as they do not point out any error allegedly committed by the trial court or even attack the merits of the trial court granting the Rule 91a motions to dismiss. It would be inappropriate for this court to speculate as to what Lilla may have intended to raise as an error by the trial court on appeal. *Id*. To do so would force this court to stray from our role as a neutral adjudicator and become an advocate for appellant. Even though the courts are to interpret briefing requirements reasonably and liberally, parties asserting error on appeal still must put forth some specific argument and analysis citing the record and authorities in support of their argument. *Green v. Richard D. Davis, L.L.P.*, 593 S.W.3d 842, 851 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). And it is not our duty to perform an independent review of the record for evidence supporting an

appellant's position. *Smith v. Smith*, 541 S.W.3d 251, 261 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

To the extent Lilla's issues on appeal can be construed as challenging the trial court's orders of dismissal, we conclude the trial court did not err. Construing Lilla's petition liberally, we conclude her claims have no basis in law or fact. On August 1, 2019, Lilla filed a document entitled "Motion for CRIMINAL CHARGES" naming appellees as defendants. In the document Lilla alleged that (1) A. Rush Crow sexually assaulted her in 1983; (2) she was not given a $342,000 home as a family gift; (3) her father was under the influence of mind-altering drugs when he signed reverse mortgage documents in 2006; (4) a family trust was formed in 2007; (5) A. Rush Crow and Rita Criss Scheer failed to make rental payments; and (6) Zoe Cornwell avoided probate by transferring property to herself. Lilla asserted that she was "pressing charges for duress, undue influence, fraud, and legal inheritance rights[.]" (1CR 11)

Lilla failed to assert an allegations, even if taken as true that would support legal causes of action.

## II. The trial court did not err in granting the Crow Parties' no-evidence motion for summary judgment.

### A. Standard of Review

We review a no-evidence summary judgment under a legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003) ("A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict."). A no-evidence summary judgment will be sustained when: "(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight

8

to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *King Ranch*, 118 S.W.3d at 751 (citing *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

We review a trial court's order granting a traditional summary judgment de novo. *Mid–Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). In reviewing a grant of summary judgment, we consider all the evidence in the light most favorable to the nonmovant. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007). To prevail on a traditional motion for summary judgment, a movant must prove entitlement to judgment as a matter of law on the issues pled and set out in the motion for summary judgment. Tex. R. Civ. P. 166a(c); *Masterson v. Diocese of Nw. Texas*, 422 S.W.3d 594, 607 (Tex. 2013).

If the trial court grants summary judgment without specifying the grounds, we affirm the judgment if any of the grounds presented are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). We first review the trial court's no-evidence summary judgment under the standards of Rule 166a(i). *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). The nonmovant, here Lilla, must produce summary-judgment evidence raising a genuine issue of material fact to defeat the summary judgment under that provision. Tex. R. Civ. P. 166a(i). If Lilla failed to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the Crow Parties' proof satisfied the Rule 166a(c) burden. *See Ford Motor*, 135 S.W.3d at 600. And, if an appellant does not challenge every possible ground for summary judgment, we will uphold the summary judgment on any of the unchallenged grounds. *Durham v. Accardi*, 587 S.W.3d 179, 183 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

**B.    Lilla has not shown that the trial court erred in granting a no-evidence summary judgment.**

The Crow Parties filed a motion for no-evidence summary judgment in which they alleged that Lilla failed to produce any evidence to support "each and every element of [her] claims." The burden thus shifted to Lilla to produce competent summary-judgment evidence raising a genuine fact issue on each element challenged. *See B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020) (per curiam). Lilla filed a response to the Crow Parties' motions for summary judgment, which, in its entirety, stated:

> There are FRAUD CHARGES for ONLINE ACCOUNTS and there are ONLINE accounts that should have been COMMUNITY PROPERTY and the only way is to go back to 2010 and get those records. ROBBIE CRISS MCDONALD was still using a credit card in my father's name; JEFFERSON DAVID MCDONALD, the day she died.

> The LEGAL HEIRS are heirs of the 3713 Helen Lane property and whatever online accounts were tied to that address LILLA YEVONNE MCDONALD and the LEGAL HEIRS have LEGAL rights for half. PLEASE COME with a credit report of ALL ONLINE ASSETS of all defendants for ten years; online accounts as said in ROBBIE CRISS MCDONALD'S will.

Lilla attached purported evidence to her response, which was struck on the Crow Parties' motion. Lilla has not complained on appeal about the striking of her summary-judgment evidence. Because Lilla's summary-judgment evidence was struck and Lilla did not challenge that ruling, Lilla failed to show that she raised a genuine fact issue on any of the no-evidence grounds. We therefore affirm the no-evidence summary judgment based on the no-evidence grounds, without addressing the traditional grounds. *See Lopez v. Callahan*, No. 14-18-00913-CV, 2020 WL 5834023, at *3 (Tex. App.—Houston [14th Dist.] Oct. 1, 2020, no pet.) (mem. op.); Tex. R. Civ. P 166a(i) ("The court must grant the [no-evidence summary-judgment] motion unless the respondent produces summary judgment evidence raising a

genuine issue of material fact."). Moreover, Lilla has not challenged all independent bases or grounds that could, if meritorious, support summary judgment. We must, therefore, affirm the summary judgment. *See Durham*, 587 S.W.3d at 183.

## CONCLUSION

We affirm the trial court's dismissal orders pursuant to Texas Rule of Civil Procedure 91a and affirm the trial court's summary judgment.

/s/      Jerry Zimmerer
Justice

Panel consists of Justices Wise, Bourliot, and Zimmerer.